### BULLY ROSEBOROUGH V. THE STATE.

No. 10955.   Delivered June 22, 1927.

Rehearing denied January 25, 1928.

**1. — Robbery With Firearms — Evidence — Showing Flight — Properly Admitted.**

Where, on the call of his case for trial, appellant failed to appear and his bond was forfeited, and an alias capias ordered, there was no error on his trial thereafter to permit the state to introduce the court docket showing the forfeiture, and proof that he was arrested four or five hundred miles from the county of his trial. This evidence established his flight, and was properly received.

**2.—Same—Evidence—Hearsay—Properly Excluded.**

There was no error in refusing to permit the witness Fred Curl to testify that Beady Fears had told him that appellant was in a room with her about a mile and a half away from the scene of the robbery, and at the time it occurred, said witness Beady Fears having testified to this effect. Her statements made to another witness were hearsay and inadmissible to bolster up or corroborate her testimony.

**3.—Same—Evidence Affecting Credibility of Witness—Proper.**

Where appellant had introduced a woman witness, on cross-examination, it was permissible for the state to ask her if she was not the mother of children and had never been married. Such evidence has been repeatedly

held admissible by this court as affecting the credibility of a woman witness. See Mobley v. State, 89 Tex. Crim. Rep. 646, and other cases cited.

ON REHEARING.

**4.—Same—Evidence—Sustaining Witness—Rule Stated.**

It is only when a witness has been impeached by showing contradictory statements made before the trial, that evidence becomes admissible showing the same statements as having been made, as those testified to on the trial.

**5.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains of the state being permitted to ask defendant's witness Beady Fears if she did not have some children and had never been married, and in the bill of exception presenting the matter, it is not shown nor asserted that the witness had never been married, such bill is incomplete and presents no error, though such proof was admissible to affect the credibility of the witness.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for robbery with firearms, penalty fifteen years in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAlister,* for appellant.

*Jack Varner, Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State. On impeaching a woman witness, the state cites: Batwright v. State, 249 S. W. 1075; Hayes v. State, 234 S. W. 898; Walker v. State, 287 S. W. 499; Linder v. State, 250 S. W. 703.

BETHEA, JUDGE.—The appellant was convicted for the offense of robbery with firearms, and his punishment assessed at fifteen years in the penitentiary.

Appellant filed a number of exceptions to the court's charge, which we will not discuss for the reason that we have examined the charge and find same is not subject to any of said exceptions.

We find for our consideration three bills of exception. Bill of exception No. 1 complains that the state was permitted to introduce in evidence entries of the case on the criminal docket, to-wit:

"March 15, 1927, state ready, defendant not here, bond forfeited and alias capias ordered issued, case reset for Saturday, 9 a. m."

Appellant objected to this for the reason that same was prejudicial, improper, and hearsay, could serve no purpose what-

soever, and was not a proper method of introducing the evidence attempted to be shown, as flight was evidently intended to be shown by said evidence. We are unable to agree with appellant's contention. The entries were admissible for the purpose of showing flight on the part of appellant. If appellant had any explanation to make, he was at liberty to testify. The record shows that appellant was arrested between four hundred and five hundred miles from the county in which the alleged offense was committed and was told by the officer that he was wanted for forfeiting his bond. This testimony was not objected to and was clearly admissible as tending to show appellant's flight, and the introduction of the entries made on the docket carried no probative force that would in any way injure appellant.

Bill of exception No. 2 complains of the action of the court in sustaining the state's objection to the following question propounded to the witness Fred Curl on direct examination:

"You do know the night that you were there with Beady, you asked her about Bully's being in the room because of something about the room rent being due."

The bill shows that the witness, if permitted, would have answered as follows:

"Yes, I know about Beady telling me that Bully was there in the room, and that she was going to make him move if he did not pay his room rent, and it was about 8:30 or 9 o'clock on the night of Mr. Bray's robbery."

This evidence was offered by appellant for the purpose of establishing or assisting in establishing the appellant's alibi, and to show that at the time the alleged offense was supposed to have been committed appellant was in the room of Beady, one and one-half miles from the scene of the robbery, and to show Beady Fears' statement was true about appellant being there on the night of the robbery, and. for the further purpose of bolstering and corroborating the testimony of the witness Beady Fears, who was assailed by the state as being a common prostitute and the mother of illegitimate children. We note the bill does not state any grounds of objection, but it does state that it was offered as tending to establish appellant's alibi. We are not in accord with appellant's contention. Any statement made by Beady Fears to the witness Fred Curl would be hearsay and not admissible.

Bill of exception No. 4 complains that while the witness Beady Fears was testifying on cross-examination the learned trial

judge, over the objection of appellant, permitted the state to propound the following question, to-wit:

"I will ask you if you haven't got some children now, and that you are unmarried?"

The witness was permitted, over timely objections made by the appellant, to answer as follows:

"Yes, sir."

We are unable to agree with appellant's contention. This bill, under the rule laid down in Mobley v. State, 89 Tex. Crim. Rep. 646, 232 S. W. 531, and Yeager v. State, 96 Tex. Crim. Rep. 124, 256 S. W. 914, presents no error.

The facts are amply sufficient to support the verdict. The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of our disposition of his contentions. It is first insisted that we were wrong in saying that no error was committed by the trial court in rejecting the testimony of Fred Curl to the effect that appellant's witness to an alibi, Beady Fears, told him (Curl) on the night of the alleged robbery, that appellant was there and in his room. His contention is based on the idea that Beady Fears had been impeached and that he was, therefore, entitled to support or corroborate by proof the fact of her having made this statement. As we understand the record, no attempt was made by the state to impeach Beady Fears by proof of statements made by her contradictory of her testimony as given upon this trial. It is only when this character of impeachment is attempted that we have held it permissible to sustain the witness by proof of prior statements similar to the testimony given. We are not aware of any decisions holding where impeachment is attempted by proof of conviction for felonies, or by proof of the witness having been charged with or convicted of offenses involving moral turpitude, that such impeached witness can be sustained by proof of statements of similar import to the testimony given by said witness. No such authorities are cited by appellant in his motion.

It is further contended that we should have held it erroneous for the state to ask Beady Fears, appellant's witness to an alibi, as stated in the original opinion, in reference to her having children and being then unmarried. For two additional reasons appellant's position is without merit. The question complained of was, if witness Fears had not some children now, and that she was at that time unmarried. Neither in the bill of exceptions, nor anywhere in the record, is it asserted that Beady Fears had never been married. That a woman has children, and that she is at the time unmarried, or without a husband, does not even suggest that she may not have been married, and that she may not be a widow. This court is compelled to take the record as it is made in the trial court and pass upon the questions raised in the light of what appears in the record. The other reason why no reversible error was committed in this testimony is that it appears from the statement of facts that Beady Fears was asked if she had not been prosecuted, convicted and paid a fine for being a vagrant, to-wit, a common prostitute, and that she admitted that she had. Immediately after making this answer she was asked in reference to having some children and being then unmarried as is complained of. If it be true that Beady Fears had children and had never married, the only effect of such proof would be to reflect upon her credibility as a witness, because such proof would suggest her unchastity, and, therefore, unreliability as a witness. The greater includes the less. It having been shown without objection that the witness was a common prostitute, it would be a stretch of the imagination to presume that harm could have resulted to appellant from allowing her to be asked if she had some children and was unmarried. We do not reverse cases upon claims of injury unless in some way we can reasonably conclude an injury to have been inflicted.

Being unable to agree with appellant, the motion for rehearing will be overruled.

*Overruled.*