**Earl Eugene HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59612.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 23, 1980.

Travis S. Ware, Lubbock, court appointed, Jim Aldridge, Lubbock, court appointed, for appellant.

Alton R. Griffin, Dist. Atty. and John Kilpatrick, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and DOUGLAS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for forgery. A jury found appellant guilty and the court assessed punishment at five years.

Appellant challenges the sufficiency of the evidence in three grounds of error which allege that the evidence was insufficient to exclude every other reasonable hypothesis consistent with appellant's innocence, insufficient to prove that appellant knew that the instrument was forged, and insufficient to prove that appellant had the requisite intent to defraud or harm another.

A number of checks were stolen from Marc McKinney. The Texas Bank in Lubbock had been notified. At 1:30 p. m. on November 21, 1977, appellant entered the bank and attempted to cash one of the stolen checks. The purported signature of Marc McKinney was forged as payor on the check; the payee was Larry Ross; and the endorsers were Larry Ross and Earl E. Hill. The teller, Becky Stoker, informed appellant that the check was a possible forgery

and that she could not cash it. The bank's camera was activated and photographs were taken of appellant as he left the bank.

Later that same day at 5:30 p. m., another attempt to cash the check was made, this time at the drive–in window of the same bank. The drive–in teller, Harold Moore, testified that a man, whom he identified in court as appellant, drove up to his window, got out of the car, and presented him with the check, military discharge papers of Earl Eugene Hill with a photograph attached, and a Texas Tech I.D. of Larry Ross with a photograph attached. Moore stated that appellant was only a few feet from his window, that he looked at the photographs used for identification, and that the photographs were of appellant who was standing before him. Moore alerted bank officials inside and temporarily left his position at the drive–in window. When he returned, appellant was gone, leaving the check, the discharge papers and the school identification.

Appellant's theory was that the man who attempted to cash the check the second time was Larry Ross. Appellant refers to the testimony of Officer Terry of the Lubbock Police Department, who stated that his investigation of the offense revealed that the man who presented the check at the drive–in window represented the Tech I.D. as his own. The Tech I.D. was in the name of Larry Ross. The man who presented the check at the drive–in window was described, shortly after the incident, as having a muscular build. At trial, Officer Terry described appellant as having a medium build. The clothes allegedly worn by the man at the drive–in window did not match those worn by appellant in the photographs taken of him earlier in the day inside the bank.

■ The in–court identification by Moore of appellant as the man who presented the check at the drive–in window is sufficient evidence to support a finding that the offense was committed by appellant. Stoker's in–court identification of appellant as the man who presented the check inside the bank and her further testimony that she told appellant that the check was a possible forgery is sufficient evidence of appellant's knowledge that the check was forged when he presented the check the second time. The intent to defraud can be proven circumstantially upon proof of the accused's knowledge that the instrument is a forgery. See *Pfleging v. State,* 572 S.W.2d 517 (Tex. Cr.App.1978); *Stuebgen v. State,* 547 S.W.2d 29 (Tex.Cr.App.1977).

We hold that the evidence is sufficient to support the conviction.

■ Appellant contends that the court erred in refusing his requested charge on mistaken identity. The court instructed the jury on the presumption of innocence and the requirement that the jury must find beyond a reasonable doubt that "at the very time the defendant possessed the instrument in question, if he did, he knew the same was forged, if it was ..." and that "the defendant, Earl Eugene Hill, did then and there with intent to defraud and harm another, possess a writing ... with intent to pass said writing ... and which said writing the said Earl Eugene Hill knew to be forged...."

This hearsay did not raise the issue of identity. Even if if had, the charge adequately protected appellant's rights and the court did not err in refusing the requested charge on mistaken identity. See *Wilson v. State,* 581 S.W.2d 661, 665 (Tex.Cr.App. 1979) (On State's Motion for Rehearing).

Appellant contends that the court erred in refusing to permit him to impeach the credibility of Becky Stoker by showing that she was being sued for divorce on the grounds of adultery. Relying on *Roseborough v. State,* 108 Tex.Cr.App. 494, 1 S.W.2d 630 (1927), appellant argues that unchastity may be properly raised to impeach a witness' credibility.

Outside the presence of the jury, appellant offered to prove that there was a divorce suit pending against Stoker in which the ground for the divorce was adultery. The court noted that allegations in a divorce petition are a form of hearsay and refused to allow appellant to question Stoker regarding the matter.

While we agree that Stoker's reputation for truth and veracity would have been a proper area for impeaching her as a witness, we fail to see how the allegation of adultery in a divorce petition could have any probative value on the issue of her credibility. Generally, a witness' credibility may be impeached only with evidence of the witness' bad reputation for truth and veracity, prior convictions for felonies or other crimes involving moral turpitude, or facts which would tend to establish ill feeling, bias, motive, or animus of the witness against the accused. See *Shannon v. State*, 567 S.W.2d 510 (Tex.Cr.App.1978); *Simmons v. State*, 548 S.W.2d 386 (Tex.Cr.App. 1977); 1 Ray, Texas Law of Evidence, sections 644–62 (3d ed. 1980).

He relies on the dictum of *Roseborough* which suggests that a female's unchastity reflects upon her credibility as a witness. This dictum is not binding on the Court. This Court held in *Patella v. State*, 294 S.W. 571, 572 (Tex.Cr.App.1927), that the credibility of a female witness cannot be impeached by showing specific acts of unchastity where no legal charges have been filed against her.[1] A female witness may not be impeached by showing that her character for chastity is bad. See 1 Ray, Texas Law of Evidence, Section 647 (3d ed. 1980). A witness' sexual conduct has no legal relevance on the issue of credibility unless, as is the case with any other type of conduct, it resulted in criminal convictions or would tend to establish a motive to give false testimony. The court did not err in refusing to admit such hearsay evidence.

No reversible error has been shown. The judgment is affirmed.

---

1. Note the exception in prosecutions for rape at V.T.C.A., Penal Code, Section 21.13.