Donald JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–196–CR
(2200cr).

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1982.

Herbert Hawkins, Atty. at Law, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

Appellant was convicted by a jury of the offense of forgery by passing. Tex.Penal Code Ann. § 32.21(a)(1)(B) (Vernon 1974). The court assessed punishment at six years. In his first ground of error, appellant contends that there is a fatal variance between the indictment and the proof at the trial. We agree and reverse.

The evidence shows that on October 17, 1980, Patricia Revett, an employee of Childre Answering Service, had her paycheck stolen. The check was made out to "Patricia R. Revett" and signed by "J. K. Childre". Three days after the theft, appellant and Beatrice Williams appeared at a local grocery store to cash the stolen check. When the check was presented to the clerk for cashing, it had already been endorsed with the name "Patricia Ruth Revett". The clerk at first refused to cash the check because Williams had no identification. Knowing, however, that appellant regularly cashed his personal paychecks at the store, she offered to cash the check with appellant's co-endorsement. Appellant endorsed the check with his own name and a false address.

The indictment alleged that the appellant passed a check that was "made so that it purported to be the act of J. K. Childre who did not authorize such act." There is no evidence in the record showing that the signature of J. K. Childre appears on the check without his authorization. The proof does show, however, that the check was endorsed so that it purported to be the act of Patricia Ruth Revett, the payee on the check, who did not authorize such act. The manner in which the check was a forged writing, as alleged in the indictment, is at variance with the proof. *Cochran v. State*, 115 Tex.Cr.R. 201, 30 S.W.2d 316, 317 (Tex. Cr.App.1930).

The judgment of conviction is reversed and reformed to reflect an acquittal and remanded for proceedings pursuant to Tex. Code Crim.Proc.Ann., art. 37.12 (Vernon 1981).