Jerome Allen BRAGG, Appellant,

v.

The STATE of Texas, State.

Nos. 2–81–170–CR, 2–81–171–CR.

Court of Appeals of Texas,
Fort Worth.

June 30, 1982.

Sullivan & Schieffer and Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

These appeals are from separate convictions of possession of marihuana and the delivery and possession of methamphetamine. Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Supp.1982).

We affirm.

In the marihuana trial, the jury imposed punishment of 10 years imprisonment and a $5,000.00 fine.

The jury assessed punishment at twenty-five years imprisonment in the methamphetamine case.

Appellant complains that the trial court erred in denying his motion to dismiss for failure to provide a speedy trial in each case.

Appellant has filed *pro se* briefs in addition to the briefs filed by his counsel.

Since there is no right to hybrid representation the *pro se* briefs present nothing for review. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.—1977).

■ The right to a speedy trial is guaranteed by the Sixth Amendment to the Constitution of the United States under the Fourteenth Amendment's due process clause. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

In Texas, the statutory right to speedy trial is in V.A.C.C.P. art. 32A.02 (1977).

### CAUSE NO. 2–81–170–CR

On July 6, 1979, appellant telephoned an undercover narcotics officer of the Fort Worth Police Department and offered to sell him part of a shipment of 300 pounds of marihuana. Later the same day, appellant sold $450.00 worth of marihuana to another person in the presence of the officer and agreed to sell 50 pounds of marihuana to the officer.

The two agreed to meet that evening in the parking lot of a store. When the officer arrived at the parking lot, appellant opened the trunk of his car and showed the officer two large sacks. Determining that the sacks did contain marihuana the officer tipped his baseball cap in a pre-arranged signal and eleven police officers closed in and arrested appellant.

The State was required by law to be ready for trial within 120 days of appellant's arrest. V.A.C.C.P. art. 32A.02, sec. 1(1).

The first setting was August 17, 1979, when the State announced ready, within the 120 day period. The case was not reached on that date, due to the court's heavy docket.

At subsequent settings on September 6, November 1, and November 29 of 1979, and March 13 of 1980, the State announced ready.

Appellant did not file a motion for speedy trial, nor contest the State's announcement of ready until March 20, 1980.

The trial court filed findings of fact in which it found that the State announced ready in less than 120 days from the date of his arrest.

There is no evidence that the State was not ready.

### CAUSE NO. 2–81–171–CR

The facts of the methamphetamine case differ from those of the marihuana case.

On June 13, 1979 undercover narcotics officers met with appellant in a parking lot where they discussed narcotics and automatic weapons.

On June 20, 1979, one of the officers received a call from appellant who told him he had some "little white things" he needed to get rid of. Appellant quoted a price of $100.00 per gram.

A price of $95.00 per gram was set and the two agreed to meet at a restaurant to consummate the transaction.

At the restaurant, appellant gave the officer a clear plastic packet containing a white powder. The officer handed appellant $95.00, and appellant said that the packet contents were "real good stuff."

Appellant also told the officer that he had 300 pounds of marihuana coming in and said he would tell the officer about the quality and price when it arrived.

The officer took the drugs to the police station, marked them and put them into the evidence locker. The assistant director of the Fort Worth Police Crime Lab, Max Courtney, later tested the substances.

One substance tested to be 0.9 gram of marihuana. The other tested to be .74 gram containing 70% methamphetamine.

■ An announcement of ready is a *prima facie* showing of conformity to the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.—1979).

■ In order to entitle himself to relief under the Act, a defendant must rebut with satisfactory evidence the State's *prima facie* showing of compliance. *Barfield, supra.*

Appellant contends that the trial court ignored the fact that during the methamphetamine trial, Max Courtney testified that he performed the chemical tests on the substances on November 15, 1979.

Appellant argues that the State, therefore, could not have gone to trial on August 17, 1979, September 6, 1979, or November 1, 1979, because of the potential variance between the indictment and the evidence.

Appellant did not cross-examine Mr. Courtney, and there is no evidence that the tests could not have been performed on any of the trial setting dates in time for the results to have been introduced at trial.

Appellant further argues that the court proceeded to trial in the methamphetamine case despite appellant's objection that he was thus denied a crucial defense witness who was detained in Iran due to that nation's seizure of the American Embassy in Teheran.

Appellant informed the court on the morning of trial that the witness could provide an alibi as to appellant's whereabouts on May 5, 1979.

Appellant, however, was being tried for selling methamphetamine to an undercover police officer on June 13, 1979.

We find no harm to appellant from the lack of testimony as to May 5.

We conclude that the State did not abuse the accused's right to a speedy trial, and that in both the marihuana and the methamphetamine cases, the delays were attributable to the crowded docket of the court.

We hold that the delays were reasonable in each case.

The judgments are affirmed.