Howard Lee PETERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0122–CR.

Court of Appeals of Texas, Tyler.

Dec. 16, 1982.

Norman E. Lanford, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

Appellant was convicted in two counts of forgery, and punishment fixed at ten years confinement; upon proof of a prior final conviction, punishment was set at twenty years confinement.

The first complaint of appellant is that the trial court erred in overruling his motion to "set aside indictment as to the modifying clause 'which purported to be the act of another.'" In his second ground appellant says the court erred in failing to grant his motion to set aside the indictment because it did not define the word "utter," and, thirdly, he maintains his motion to set aside the indictment should have been granted because the word "forged" has a multiple meaning and there are several ways in the forgery statute for an instrument to be forged. We will discuss these points together.

The indictment in count one reads as follows:

.... [D]id then and there unlawfully and with intent to defraud and harm, forge the writing duplicated below, which purported to be the act of another who did not authorize that act, by possessing it with intent to utter it and while knowing it was forged....

The writing was a bank check, and the second count was identical with the first except the writing was another bank check.

Appellant argues that the placement of the term "which purported to be the act of another" in the indictment creates an ambiguity as to which portion of the indictment it modifies. He says it could modify "forge," or "possessing," or "writing." We believe the language as so framed in the indictment was sufficient to charge the offense of forgery defined in § 32.21 of the Texas Penal Code by giving adequate notice to appellant of the conduct of which he is accused. Article 21.11, V.A.C.C.P., provides that

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged...."

Appellant cites only one case in support of his argument about where the language "purports to be the act of another" should be. That case, *Minix v. State,* 579 S.W.2d 466, 467 (Tex.Cr.App.1979) was reversed because the indictment did not include "purports to be the act of another." That language is in the indictment here, and, in our view, it is written in such a manner as to enable appellant to understand what was meant—it obviously modifies the phrase "forge the writing duplicated below." We see no ambiguity.

The word "utter" is used in § 32.-21(a)(1)(B) as one of six ways to commit the offense of forgery, while § 32.21(a)(1)(C) describes another method of committing

forgery by possessing a forged writing with intent to utter it. No authority is cited that "utter" should be defined in the indictment. Black's Law Dictionary defines "utter" as "to put or send (as a forged check) into circulation," or to offer, whether accepted or not, a forged instrument with the representation, by words or actions, that the instrument is genuine. It is our opinion that appellant was not required to speculate as to the offense with which he was charged by the use of the word "utter" or by the use of the word "forge," and that the indictment meets the requirements of art. 21.11, *supra*. We hold that the indictment gives adequate notice on which to prepare a defense. The first three grounds of error are overruled.

We next address appellant's grounds five and six in which he challenges the sufficiency of the evidence to show that he possessed the forged checks made the basis of the prosecution. He also complains there was insufficient evidence of intent to defraud.

The record reflects that a car driven by a man named Laws, and occupied by appellant, was stopped by two Houston Police Officers, Baker and Gage, for a traffic violation. When Laws was asked for his driver's license he reached into a purse lying on the front seat between Laws and appellant and removed a billfold. As Laws flipped through the billfold Gage saw what appeared to be a Texas driver's license with a picture of a white female on the license. Upon request Laws gave Gage the purse. Inside the purse Gage found numerous credit cards, personal checks and identification cards belonging to several different people.

An identification card was found near appellant bearing a picture of him, but bearing the name of "Robert Johnson." Officer Baker verified through the police dispatcher that several of the checks in the purse had been reported stolen. Two of the items in the purse were checks written on the account of Patrick D. Crawford. The payor of these checks was "Charlotte L. Doty, Secretary," and the payee was "Robert Johnson."

Patrick Crawford of Beaumont testified that while in Houston on business on August 8 and 9, 1979, his car was ransacked and a checkbook was taken from the car. He identified the two checks as those stolen from his car. He further testified that Charlotte L. Doty was his secretary, but the signature on the checks was not her signature. He said he did not know a Robert Johnson and that he did not authorize the issuance of the two checks involved here.

An examiner of questioned documents, A.D. Queen, testified that in his opinion the endorsement "Robert Johnson" appearing on the checks was in appellant's handwriting, and that the handwriting on a Social Security card found on appellant's person and the identification card for a "Robert Johnson" were in appellant's handwriting.

In our opinion the evidence is sufficient to sustain the conviction. Although the police officers did not testify that appellant was in exclusive possession of the purse, the two checks were identified as being endorsed by appellant, and, the purse was apparently in possession of both appellant and Laws. It is a logical conclusion that appellant was in exclusive possession of the checks at the time he endorsed them. The intent to defraud can be proven circumstantially upon proof of appellant's knowledge that the instrument is a forgery. *Hill v. State*, 608 S.W.2d 932, 934 (Tex.Cr. App.1980). Grounds of error five and six are overruled.

Appellant's ground four complains that the trial court failed to grant his motion to suppress physical evidence. Argument is made that the burden of proof is on those who seek to justify a search without a warrant. We overrule this ground.

As previously noted appellant was a passenger in a car stopped by Officers Baker and Gage for a traffic violation, and when the driver was asked for his driver's license, he opened the purse on the seat and revealed an identification card with a false name for appellant and two checks with forged endorsements in appellant's handwriting. Baker testified that at the time of

the traffic stop there was no evidence that appellant was engaged in any criminal activity, but when the driver was asked to present his driver's license, he reached into the lady's purse lying on the front seat, and then Baker observed what appeared to be a driver's license of a white female. At their request the purse was turned over to the officers, and examining the contents they found numerous credit cards, "plastic checks," driver licenses and other forms of identification. These items were voluntarily turned over by the driver and appellant in a conversation with the officers. In our view the facts do not constitute a search and seizure. There is no evidence in the record which controverts the officers' testimony that the purse was voluntarily turned over to them.

A statement in Gill v. State, 625 S.W.2d 307, 315 (Tex.Cr.App.1980, concurring opinion) expresses very well what occurred in the instant case:

> The fact situation commendably presented by the candid and forthright testimony of a careful and cautious policeman in this case is a showcase example. Thus, understandably curious from his observation, but not yet justifiably suspicious of criminal activity, the officer managed to deal with appellant on a conversational basis, without touching or restraining him, until an ostensibly . . . [compliant] appellant presented the officer with documentary evidence of a penal offense.

Appellant has filed a pro se brief in which he raises one ground of error not raised by his counsel's brief. Appellant complains that he was denied effective assistance of counsel on his prior conviction, and that there was a "lack of reasonably effective assistance of court appointed counsel" in the trial of this case.

 There is nothing in the record concerning the trial or counsel in the prior conviction case. We have carefully reviewed the record in this case, and we find that counsel for appellant was competent and diligent, and rendered effective assist-

ance in the trial court as well as on appeal. This ground is overruled.

Judgment of the trial court is affirmed.