**Kenneth L. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0094–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1984.

William Burge, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before WARREN, BASS and COHEN, JJ.

## OPINION

WARREN, Justice.

Appellant was convicted by the court of forgery and sentenced to eight years imprisonment.

In April of 1980, appellant signed a contract with Leasing Enterprises, Inc., to purchase a bulldozer for use by his company, Moore Brothers Excavation, payable in monthly installments. Appellant made the down payments on the bulldozer, took delivery, and made several more monthly payments before the bulldozer was stolen. Appellant had insured the bulldozer with State Farm Insurance, and he contacted them when it was stolen. He had not indicated to State Farm that there were any outstanding liens on the bulldozer, but Leasing Enterprises, Inc., contacted State Farm after the theft and informed it that they had a security interest in the bulldozer. State Farm issued a draft payable to Moore Brothers Excavation and Leasing Enterprises, Inc., to cover the insured value of the bulldozer and delivered the draft to appellant.

On September 17, 1980, appellant contacted a representative of Leasing Enterprises, Inc., and asked that he endorse the draft from State Farm so that appellant could cash the draft and pay Leasing Enterprises, Inc., the amount still owed on the contract. The representative of Leasing Enterprises, Inc., refused, and asked appellant to endorse the draft so that Leasing Enterprises, Inc., could repay appellant the amount already paid on the contract. Appellant refused and left with the draft unendorsed by Leasing Enterprises, Inc. That same day, appellant filed an application for an assumed name certificate with the county clerk of Harris County, in the name of "Leasing Enterprises," and the county clerk issued the certificate. On September 30, 1980, the draft was paid, and at that time it was endorsed as follows: "Moore Bros. Excavating, Leasing Enterprises, Kenneth L. Moore." Leasing Enterprises, Inc., the victim and a separate entity from appellant's assumed name, did not authorize the endorsement.

■ Appellant alleges in his first ground of error that the evidence is insufficient to show that he possessed an instrument purporting to be the act of another who did not authorize that act. He cites

*Young v. State*, 529 S.W.2d 542 (Tex.Cr. App.1975), for the proposition that signing an assumed name to an instrument does not constitute forgery, because the signer does not purport to be someone else. However, that case and the cases cited therein involved no attempts by the signatories to impersonate anyone, as in our case. Appellant's application for the assumed name certificate was obviously an attempt to hold himself out as a representative of Leasing Enterprises, Inc., so that he could cash the draft. The case is analogous to one in which a person signs his own name, but pretends to be another person with the same name. Proof of intent "to create confusion with a person of a similar name" is sufficient to show a forgery where a person signs his own name. *Sales v. State*, 628 S.W.2d 796, 799 (Tex.Cr.App.1982). Appellant here intended to be confused with Leasing Enterprises, Inc., and if he signed the endorsement with the name "Leasing Enterprises," he committed forgery. However, appellant was not charged with forgery by endorsing, but with forgery by possessing a forged instrument.

The representative of Leasing Enterprises, Inc., testified that appellant was in possession of the draft on September 17, 1980, but at that time the draft was not endorsed and was not a forged instrument. The draft was paid on September 30, 1980, but there is no indication in the record of who presented the draft for payment, or who had possession of the draft from September 17 until September 30.

A former district attorney who had worked on this case testified that he called appellant's brother and asked him to have appellant return his call. The district attorney received a telephone call from another man who identified himself as appellant. The district attorney explained why he believed the caller was appellant:

The person I talked to gave me a lot of details that I knew only Kenneth Moore could know about, what it involved, the type of equipment, the times, the transaction, the fact that he had gone by and tried to get the company representative to endorse the check to him. These were the types of details I had in my file that he was able to tell me about that led me to believe he was Kenneth Moore, as he identified himself to be.

The witness testified that the caller admitted to him that he had endorsed the draft with the name "Leasing Enterprises" and had cashed the draft. The district attorney had never before met or talked to appellant and did not recognize the voice of the caller.

■ Appellant argues that the district attorney could not identify his voice, and there was no evidence that he endorsed the draft, or possessed it after it was endorsed, or, presented it for payment. However, voice identification through personal familiarity is not the only competent method of identifying a caller. In *Earnhart v. State*, 582 S.W.2d 444, 448–449 (Tex.Cr.App.1979), the court said:

In admitting the contents of a telephone conversation, the identity of the speaker is sufficiently established if the message reveals that the speaker has knowledge of facts that only the speaker would be likely to know. *Gleason v. Davis*, 155 Tex. 467, 289 S.W.2d 228 (1956). Here appellant told Curtis facts concerning the death of the deceased that only he or his brother would know.

The evidence is sufficient to show that the caller was appellant. Appellant's admission over the telephone to the district attorney establishes that he forged the name "Leasing Enterprises" to the draft and may have presented it for payment, during which time he possessed the forged instrument. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant argues that the indictment is fundamentally defective because it does not allege an offense. The indictment reads as follows:

Kenneth L. Moore, hereinafter styled the Defendant, heretofore on or about September 26, 1980 did then and there unlawfully and with intent to defraud and harm, forge the writing duplicated be-

low, which purported to be the act of another who did not authorize the act, by possessing it with intent to utter it and while knowing it was forged:

A copy of both sides of the draft was attached to the indictment.

Forgery is defined in Tex. Penal Code Ann. § 32.21(b) (Vernon 1974): "A person commits an offense if he forges a writing with intent to defraud or harm another." The terms are defined in § 32.21(a) as follows:

For purposes of this section:

(1) "Forge" means:

(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

(i) to be the act of another who did not authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

The indictment alleges an offense under § 32.21(a)(1)(C) for forgery by possession. Appellant argues that, because appellant's name appears on the draft as a payee, it is not immediately apparent in what manner the draft was forged, and the indictment does not sufficiently allege the manner in which the draft was a forged instrument (*i.e.*, by endorsement). Although under the former Penal Code forgery by endorsement was a separate offense (Art. 992) from forgery by possession (Art. 998), in the new Penal Code they are both forms of forgery under § 32.21(a)(1). Where the proof at trial varies materially from the allegation in the indictment as to the portion of the instrument which is alleged to have been

forged, the indictment is fatally defective. *Johnson v. State*, 629 S.W.2d 252 (Tex. App.—Corpus Christi 1982, no pet.). But where the indictment simply fails to allege the way in which an instrument is forged, it should not be dismissed even in the face of a motion to quash on the basis that it does not sufficiently apprise the defendant of the offense charged. *Peterson v. State*, 645 S.W.2d 852 (Tex.App.—Tyler 1982, no pet.). Appellant herein did not file a motion to quash. The indictment is sufficient to charge appellant with the crime of possession of a forged instrument. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.

Publish. Tex.R.Crim.App.P. 207.