IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00183-CV

 

In
re J. Allan Goddard

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            In this original proceeding, Relator J.
Allan Goddard seeks mandamus relief because
the respondent trial judge, in an order dated April 30, 2010, set aside a July
20, 2009 judgment, well beyond the expiration of the trial court’s plenary
power.  See Tex. R. Civ. P.
329b(c, d).

A trial court retains plenary power to
grant a new trial or to vacate, modify, correct, or reform a judgment within
thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251,
252 (Tex. 1984).  After the expiration of those thirty days, the trial court
has no authority to set aside a judgment except by bill of review as provided
by law.  Tex. R. Civ. P. 329b(d);
Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983).  During the time in
which a court may vacate, set aside, modify or amend its previous order, such
action must, to be effective, be memorialized by written order that is express
and specific.  McCormack v. Guillot, 597 S.W.2d 345, 346 (Tex. 1980)
(citing as the correct rule, Poston Feed Mill Co. v. Leyva, 438 S.W.2d
366, 368 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ dism’d w.o.j.)); In
the Interest of Hamilton, 975 S.W.2d 758, 761 (Tex. App.—Corpus Christi
1998, pet. denied).  A trial judge’s oral pronouncement vacating a judgment
with a docket entry commemorating the same cannot substitute for the written
order required by Rule 329b.  See Faulkner v. Culver, 851 S.W.2d 187,
188 (Tex. 1993) (citing Clark & Co. v. Giles, 639 S.W.2d 449, 450
(Tex. 1982)).  Nor does a ruling in open court suffice to vacate a judgment if
it is not reduced to writing within the statutory period.  Ex Parte
Olivares, 662 S.W.2d 594, 595 (Tex. 1983).  A court must speak through its
written orders and we cannot presume an intent on the part of a court to
vacate, set aside, modify or amend an order in the absence of an express,
specific and written order.  In the Interest of Hamilton, 975 S.W.2d at
761.

 

Tex. Prop. & Cas. Ins. Guar. Ass’n
v. De Los Santos, 47
S.W.3d 584, 587 (Tex. App.—Corpus Christi 2001, no pet.).  We do not find an
equitable exception to this applicable law.

            Generally, Relators can
obtain mandamus relief only upon showing that the court committed a clear abuse
of discretion and that they have no adequate legal remedy.  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  However, when
a party establishes that the court rendered a void order, she is “entitled to
mandamus relief without a showing that there is no adequate remedy by appeal.” 
In re Union Pac. Resources Co., 969 S.W.2d 427, 428 (Tex. 1998) (orig.
proceeding).

 

In
re Jeffries, 979 S.W.2d
429, 434 (Tex. App.—Waco 1998, orig. proceeding).

 

            “An order is void when a
court has no power or jurisdiction to render it.  The writ of mandamus will not
lie to correct a merely erroneous or voidable order of the trial court, but
will lie to correct one which the trial judge had no power to render.”  Urbish
v. 127th Jud. Dist. Ct., 708 S.W.2d 429, 431 (Tex. 1986).

            We are constrained to find
that the trial court had no power to set aside the judgment, that the April 30,
2010 order is void, and that Goddard is entitled to mandamus relief.  We grant
his petition and order Respondent to vacate his April 30, 2010 order setting aside
the July 20, 2009 judgment.  We are confident that Respondent will comply with
our ruling, so the writ will issue only if Respondent fails to advise this
Court in writing within fourteen days after the date of this opinion that he
has vacated the order.

 

REX D. DAVIS

Justice

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
granted and writ conditionally issued

Opinion
delivered and filed July 21, 2010

[OT06]








 






e-height: 0.388889in; margin-left: 0.6in; margin-right: 0.6in">But how long did Mr. Isenberg spend with Mr. Bowen yesterday on that
very issue? About ten minutes, when the very issue was clear. They took them
down seven years ago. They don't work. So, see there was no call for that. 
That's just ragging him around.
Well what else are you talking about, Mr. Jones? Whenever this morning,
Mr. Isenberg spent fifteen minutes trying to dictate or find out the distance
between the guard house and the door that the burglar came in on. Remember,
how they got him up here, trying to say, well, a truck that is fifteen feet and a
flat bed so many feet, and if you multiply five feet times five, how many and the
bottom line was Mr. Isenberg asked Mr. Bowen `well, what do you get when
you'? I think it was forty-six and forty-six. I don't know. The bottom line is
this. He ragged him around and ragged him around and ragged him around
because what Mr. Bowen says partially, not by itself, convicts this man.
      Appellant argues that the trial court erred in overruling his objection because the prosecutor's
argument amounted to an attack on Appellant over the shoulders of his counsel.
      In order for a disparaging comment directed at defense counsel to be reversible error, it must
be directed at the defendant via his counsel, for the purpose of inflaming the minds of the jurors
to the prejudice of the accused. Todd v. State, 598 S.W.2d 286, 297 (Tex. Crim. App. 1980);
Haynes v. State, 727 S.W.2d 294, 298 (Tex. App.—Houston [1st Dist.] 1987).
      Here, the prosecutor only told the jury that defense counsel treated a witness impolitely. This
cannot be construed as saying anything deleterious about Appellant himself. Moreover, the
reference by the prosecutor to defense counsel's treatment of the witness was certainly not extreme
or manifestly improper.
      Point one is overruled.
      Point two: "The trial court erred in admitting, over objection, objects found on the appellant
when he was arrested, as they were irrelevant to any contested issue at trial."
      At the time Appellant was arrested, the officers found a screw driver, a pair of pliers, and a
box cutter in his pocket. Appellant objected to their admission on the basis there was no evidence
of forced entry in this case; that they were commonly used tools and not burglar tools; and had
no relevance to the issues to be resolved by the jury. The trial court admitted the tools into
evidence.
      The tools were admissible as "same transaction contextual evidence," a type of background
evidence, since they were found on Appellant incident to his arrest, shortly after commission of
the offense. Mayes v. State, 816 S.W.2d 79, 84-87 (Tex. Crim. App. 1990). Moreover, the tools
were relevant. It is beside the point that Appellant did not actually use the tools to enter the
building, or that he found it unnecessary to use them because he found it unlocked. The tools
could be used in burglarizing a building and Appellant was carrying them in his pocket when he
was apprehended near the scene of the offense. The trial court acted within its discretion in
determining that the evidence was relevant. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990). 
      Point two is overruled.
      Point three: "The trial court erred in permitting the prosecutor to argue to the jury that items
found on Appellant at the time of his arrest were burglar tools, an argument which was not
supported in the appellate record and which invited the jury to convict Appellant on the basis of
being a burglar in general."
      The prosecutor argued to the jury: 
These tools up here is just another piece of evidence that helps convict this
man right here. Not by itself, not Bowen by himself, not Officer Akon by
himself, not Kelly by himself, but everything. 
That's the reason we brought you these four or five witnesses. Everything
put together shows this man is guilty. And if Mr. Isenberg thinks it's not
unusual to be walking around town with these things in his pocket, let me ask
you this. Do any of you have any of those items in your pockets right now? If
you do, raise your hand folks, and I'll sit down, right now. No, they're
common burglar tools that either he did not have - - 
MR. ISENBERG: Judge, I'm going to object to that. There's no testimony
from even the police officers that they were anyway linked to the burglary, or
common burglary tools or anything like that. We object to it.
THE COURT: He's entitled to argue what he thinks they are, for whatever
it's worth. Overruled.
PROSECUTOR: These in and of itself aren't burglar tools. No, I'm not
such a dumb butt to think that. But folks, when they're in your pocket at 1:30
in the morning, I bet they can be used for burglar tools.
      Proper argument must fall within one of the following categories: (1) summary of the
evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing
counsel; (4) plea for law enforcement. Madden v. State, 721 S.W.2d 859, 862 (Tex. Crim. App.
1986). 
      The argument was reasonable deduction from the evidence. The prosecutor was entitled to
draw an inference that Appellant was carrying the tools to aid in the commission of a burglary
from the fact that he unlawfully entered the building and was apprehended near the building at
1:30 A.M. with tools in his pocket that might be used to commit a burglary.
      Point three is overruled.
      Point four: "The trial court erred in refusing to permit Appellant to impeach the State's
primary witness with his personnel record."
      Prior to trial Appellant subpoenaed the personnel records of Rocky Bowen, the security guard
who saw Appellant taking the microwave oven from the building. Appellant told the court he
desired to cross-examine Bowen with regard to two reprimands or incident reports dated March
8 and June 8, 1993, to show that Bowen is the kind of individual that is confrontational in nature,
makes things up, has fights with people, and accuses people of things that they didn't do. The
State objected and the court sustained the objection.
      A witness's credibility may be impeached only with evidence of the witness's bad reputation
for truth and veracity, prior convictions for felony or other crimes involving moral turpitude, or
facts which would tend to establish ill feeling, bias, motive or animus of the witness against the
accused. Hill v. State, 608 S.W.2d 932, 935 (Tex. Crim. App. 1980).
      We have reviewed the personnel records and find no indication of any of the above contained
therein. The trial court did not err in refusing to permit Appellant to attempt to impeach witness
Bowen with his personnel record.
      Point four is overruled.
      Appellant has filed pro se briefs in addition to the brief filed by his counsel. While there is
no right to hybrid representation, Bragg v. State, 635 S.W.2d 921, 922 (Tex. Crim. App. 1982);
Miniel v. State, 831 S.W.2d 310, 313 n.1 (Tex. Crim. App. 1992), we nevertheless address the
issues he raises.
      Appellant argues the trial court erred in admitting the statement he made to the security guard
because it stemmed from an illegal arrest as the guard was not an officer and not authorized to
arrest him.
      Tex. Code Crim. Proc. art. 14.01(a) provides: "A peace officer or any other person may,
without a warrant, arrest an offender when the offense is committed in his presence or within his
view if the offense is one classed as a felony or as against the public peace." Article 18.16 further
provides that "all persons have a right to prevent the consequences of theft by seizing any personal
property which has been stolen and bringing it, with the supposed offender, if he can be taken,
before a magistrate for examination or delivering the same to a peace officer for that purpose." 
Article 18.16 applies to a security guard. Simpson v. State, 815 S.W.2d 900, 901-902 (Tex.
App.—Fort Worth 1991). The arrest was legal. The trial court did not err by admitting the
statement Appellant made to the security guard.
      Appellant further argues he was denied effective assistance of counsel. Strickland v.
Washington, S.Ct., 446 U.S. 668, and Hernandez v. State, 726 S.W.2d 53, 57, set the standards
for analyzing a claim of ineffective assistance of counsel. Those cases require a showing that
counsel's performance was deficient plus a showing that the deficiency so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced a just
result. This is judged by the totality of counsel's representation and not by isolated acts and
omissions. Solis v. State, 792 S.W.2d 95, 98 (Tex. Crim. App. 1980). The record in this case
reflects that trial counsel afforded Appellant reasonably effective assistance by the above
standards. 
      Appellant's pro se contentions are overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 10, 1995
Do not publish