## WALTER BOWMAN v. THE STATE.

No. 14532. Delivered January 27, 1932.

The opinion states the case.

*H. L. Tooker,* of Stanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor theft, punishment being thirty days in jail.

Appellant was charged with having stolen from the possession of Bill

Perriman and Charlie Petterson property consisting of a wheelbarrow, chisels, water buckets, adz handles, spike mauls, pick handles, seed fork, a No. 1 track jack, and four adzes. The offense is alleged to have been committed in Childress county, Texas.

Upon the close of the state's testimony, and before appellant offered any evidence whatever, he challenged the sufficiency of the evidence to support the conviction, especially in that the venue had not been proved. He specially called the court's attention to the fact that the state had failed to show that the property was taken in Childress county, Texas.

Our state's attorney says in his brief that this presents a very serious question. He calls attention to the statute, article 847, C. C. P., which provides that upon appeal this court shall presume that the venue was proven in the court below unles it was made an issue there, and the question is presented here by bill of exception. He calls attention that the statute has no application in this case because the question of venue was made an issue in the court below and the complaint is here by a bill of exception.

It is clear from the evidence that the alleged stolen property belonged to the Fort Worth & Denver Railway Company. Perriman and Petterson were employes of the railroad and testified that some of the property mentioned was taken from their possession, but nowhere in their evidence does it appear where they lived or at what point on the railroad they were employed, nor at what place the property was taken. Perriman says in one part of his testimony that about the time the property was alleged to have been stolen that a repair car was left in the yard of the railroad company one night, and the next morning the car had been broken into and the adze handles and pick handles like the ones alleged to have been stolen had been taken from the car; but he does not say at what point on the railroad this car was set out. The nearest any witness gets to the question of venue at all was a Mrs. Collett who said she lived across the tracks of said raliroad company in Childress, and that she had seen appellant going in and out of the railroard yards several times after dark; that when he went in he would have nothing and when he came out he would have a seed fork; on other occasions she saw him come out of the yard carrying something that looked like pick handles. There is no identification of these articles she mentioned as the ones stolen and no evidence in the record that the property alleged to have been stolen was in or about the railroad yard at Childress.

The property in question was found in appellant's possession at his house in Oklahoma where he was living at the time of the arrest. Appellant consented to a search of his house by an officer of the railroad company and an officer of Childress, Texas. He voluntarily returned to Texas.

It is not necessary to elaborate upon the defense interposed by appel-

lant, but if believed by the jury it satisfactorily accounted for his posses-
sion of the property in question.

For the failure to prove the venue the judgment must be reversed and
the cause remanded, and it is so ordered.

*Reversed and remanded.*