## FRANK DAVIS V. THE STATE.

No. 19670.  Delivered April 27, 1938.

Ths opinion states the case.

*Donald & Donald* and *Boyd Barjenbruch,* all of Bowie, and *Myres & Myres, Henry R. Bishop,* and *Raymond Wilson,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with the offense of robbery with firearms, and upon conviction was assessed a penalty of five years in the penitentiary.

The testimony of the State shows a scheme between some three parties to place the prosecuting witness in such a position that he would have on his person $800.00 in money, and then when such persons were present in a hotel room with the witness to take such money from him upon presentation of a pistol in what witness termed "a hold-up."

Appellant's contention was that they won such $800.00 from the prosecuting witness in a poker game, and consequently could not have been guilty of obtaining such money in a "hold-up."

Complaint is made in a bill of exceptions of the court's charge relative to the law of principals in that it is claimed that the court gave only an abstract charge thereon and did not specifically apply the law to the facts in a concrete manner.

As we understand the law relative to the above proposition, it is necessary that defensive matter regarding the question of principals be raised in the testimony before it becomes necessary to affirmatively apply the law of principals to the facts in any criminal case. The State's testimony in this case shows that the appellant, who was called Roy Wilson at that time, accompanied the prosecuting witness to a local bank, where such witness drew from said bank $800.00 in cash; that then witness and appellant returned to a room in a hotel, and immediately thereafter one Frank Smith presented a pistol and forced prosecuting witness to hand over this $800.00 in money to appellant, who took the same. Then Smith, appellant and a third party left such hotel room, and appellant told witness "to stay in that room five minutes if I knew what was good for me," and they then closed the door and left the room.

It occurs to us that the appellant was an active participant in this whole transaction, taking part in the whole scheme throughout from its inception, and actually being the one who received the fruits of the crime at the time of its commission, and further evidencing his principalship by warning witness to remain in such room, probably in order to facilitate the escape of himself and companions. Under these circumstances no affirmative application of the law of principals to the facts was necessary. In Durham v. State, 16 S. W. (2d) 1092, this Court said: "When the evidence shows that the accused on trial was a principal actor in the commission of the offense, no charge on principals would be necessary, although the proof may also disclose that in doing the criminal act another took an equal part." Also, see Hunter v. State, 45 S. W. (2d) 971, for a case similar to the instant one.

This case, however, will have to be reversed on account of appellant's bill of exceptions No. 1, which is to the effect that the court refused to allow the witness Mrs. Pauline Reeves to testify that basing her opinion solely on prosecuting witness' reputation, which she said was bad, she was asked to state to the jury whether or not, based on that reputation, said witness was worthy of belief on oath. The court sustained the State's objection, and appellant was not allowed to introduce such testimony. This was error, as heretofore held by us in many cases. See Douglass v. State, 98 S. W. 840, and cases there cited; Edgar v. State, 129 S. W. 141; Clemens v. State, 193 S. W.

1066; Moody v. State, 236 S. W. 740; Howell v. State, 109 S. W. (2d) 1064; Latham v. State, 33 S. W. (2d) 441.

All the other bills of exceptions have been carefully considered by us, and we find no error therein, but on account of the matter complained of in bill of exceptions No. 1 this judgment is reversed and the cause remanded.