**Mike COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68209.**

Court of Criminal Appeals of Texas, En Banc.

March 16, 1983.

James M. Murphy, Dallas, for appellant.

Hunter B. Brush, Dist. Atty., and Larry Warner, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of delivery of marihuana; the punishment is imprisonment for 10 years.

The appellant urges that the "trial court erred in denying and overruling appellant's motion for acquittal on defense of entrapment as a matter of law." He cites and relies on *Langford v. State,* 571 S.W.2d 326 (Tex.Cr.App.1978) and *Bush v. State,* 611 S.W.2d 428 (Tex.Cr.App.1981), and argues that, "according to the *Bush* opinion appellant's testimony raised the issue of entrapment requiring the State to prove beyond a reasonable doubt that appellant was not entraped." *Bush v. State,* supra, was on rehearing when appellant's brief was filed; since that time the panel opinion in *Bush v. State,* supra, was overruled on rehearing en banc and *Langford v. State,* supra, was overruled in *Langford v. State,* 578 S.W.2d 737 (Tex.Cr.App.1979). There is conflicting evidence on the issue of entrapment; the court properly charged the jury on the defense of entrapment as a fact issue and did not err in overruling the appellant's motion for acquittal.

In another ground of error the appellant complains that he was not allowed to impeach two of the State's key witnesses by showing their reputation for truth and veracity was bad.

"[I]t is everywhere conceded that a witness may be impeached by evidence that his character for truth and veracity is bad. In fact, it is the kind of evidence which is most relevant. . . ." 1 Ray, Texas Law of Evidence, Section 646 (3rd ed.

1980); *Hill v. State,* 608 S.W.2d 932 (Tex. Cr.App.1980); *Shannon v. State,* 567 S.W.2d 510 (Tex.Cr.App.1978); *Davis v. State,* 134 Tex.Cr.R. 431, 115 S.W.2d 968 (Tex.Cr.App.1938); *Hirschberg v. State,* 117 Tex.Cr.R. 504, 35 S.W.2d 430 (Tex.Cr. App.1930).

Creig Matthews and Kim Ramsey were the State's key witnesses; they had participated in an undercover operation in which the appellant delivered to them marihuana. The appellant's defense was entrapment. He had subpoenaed Richard Sullivan, a probation officer, to testify, but the court would not let Sullivan testify even for a bill of exceptions. Defense counsel stated in his proffer of evidence that the witness Sullivan would testify that the witnesses Matthews and Ramsey had bad reputations for truth and veracity and could not be believed under oath.

The state responds in its brief "Sullivan implied that he had a very limited knowledge of the reputation of Creig Matthews" and "[Sullivan] stated that the only knowledge of the general reputation of Creig Matthews in the community was gathered in the course of a pre-sentence investigation as ordered by the court in another case." The point is that the court did not allow defense counsel to have Sullivan sworn as a witness so that it could be determined under oath whether he was a competent character witness and what his testimony would be concerning the reputation of Matthews and Ramsey for truth and veracity. Under the record before us we must accept the proffer of evidence that Sullivan would have testified Matthews and Ramsey had bad reputations for truth and veracity, and were unworthy of belief under oath. Matthews and Ramsey were key witnesses for the State; the appellant's attempt to impeach them was legitimate; not allowing the making of a bill of exceptions was reversible error.

The judgment is reversed and the cause is remanded.

ONION, P.J., and CAMPBELL, J., not participating.