**Ricardo SALDANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–234–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 19, 2000.

Rehearing Overruled Dec. 14, 2000.

Kenneth Smith, Ricardo Saldana, Houston, for Appellant.

John Holmes, Jr., Calvin Hartmann, Kelly Smith, Houston, for the State.

Before Justices DORSEY, RODRIGUEZ, and KENNEDY.[1]

## OPINION

Opinion by Justice NOAH KENNEDY (Assigned).

This appeal first came to this court based upon an *Anders* brief.[2] Subsequently, appellant filed a *pro se* motion for extension of time to file a brief which was granted. After some time elapsed during which no brief was filed, this court entered an order abating the appeal and ordering the trial court to conduct a hearing to determine whether appellant desired to prosecute his appeal, whether he was indigent, and to make appropriate findings and recommendations in accordance with Texas Rule of Appellate Procedure 38.8(b)(2).

A hearing was held at which Mr. Kenneth W. Smith was appointed to represent appellant on appeal. Mr. Smith filed a brief on April 17, 2000 to which the state filed a reply brief on July 17, 2000. Mr. Smith has filed a reply brief to the state's brief on August 15, 2000.

Appellant was charged with aggravated sexual assault of a child. He pleaded guilty to the indictment without the benefit of a punishment recommendation from the state. His adjudication of guilt was deferred and he was placed on probation for ten years. Subsequently, the trial court found that he had violated the terms of his probation, adjudicated his guilt, and assessed punishment at confinement for ten years.

The current posture of this appeal is that appellant has presented three issues to this court. Issue one is that appellant's original plea is invalid due to a violation of

the *ex post facto* clause of the United States Constitution. In summary, his complaint is that after he pleaded guilty originally, the state passed the Sex Offender Registration Program Act which requires a person convicted of a sex offense to register with local law enforcement authority in a municipality in which he intends to reside for more than seven days. TEX.CODE.CRIM.PROC.ANN. art. 62.02(a) (Vernon Supp.2000). Appellant's second issue is a companion to his first, i.e., appellant was not properly admonished as to the consequences of his plea, that he would have to register under the Sex Offender Registration Program Act.

■ The state's reply to the first two issues is that they are waived as not having been raised on appeal from the deferred adjudication. The state cites *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim.App.1999). Appellant argues in reply that these issues are grounded in events which did not transpire (exist) until after the time to appeal the deferred adjudication order had expired.

With all due respect to *Manuel*, we are at a loss to know how appellant could have appealed something no one knew about at the time of the deferred adjudication. We address the first two issues from the standpoint of whether the enactment of the Sex Offender Registration Program violates the *ex post facto* provision of the U.S. Constitution. We think not.

■ We adopt the reasoning in the state's brief that the Sex Offender Registration Program does not constitute "punishment" for appellant's past crimes. Because the registration requirement is remedial in nature, i.e., a statute enacted for the advancement of the public welfare or conducive to the public good, it does not impose "punishment" for constitutional purposes and thus is not susceptible to

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

a claim that the statute violates *ex post facto* principles. We hold that enactment of new penal laws which appellant has not yet violated, and might not ever violate, does not constitute the enactment of *ex post facto* laws. We deny the relief sought in issues one and two.

 Issue three raises the question of ineffective assistance of counsel at a critical stage of the proceedings. Appellant points out that the revocation occurred on February 16, 1999 and that appellant filed his *pro se* notice of appeal on March 15, 1999. The result is that appellant was without counsel from his sentence date to the time present counsel was appointed. What occurred thereafter has been recited in the opening paragraphs of this opinion.

Ineffective assistance of counsel is governed by the well settled two-prong rule set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to be (in summary) (1) did counsel's representation fall below an objective standard of reasonableness, and (2) if so, is there a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See also Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986).

We do not consider it necessary to pass on the performance of appellant's first counsel. The issue fails the second prong of the *Strickland* test. This appeal has proceeded in a normal fashion. Deference has been shown to counsel at every stage of this appeal. Appellant was allowed to file an out-of-time motion for extension of time to file a *pro se* brief. He was appointed new counsel to appeal his conviction and this counsel filed both a brief (49 pages) and a reply to the state's reply brief. We hold that not having counsel between appellant's conviction and the perfecting of this appeal has not harmed appellant and that the result would not have been different if he had had counsel during the period cited. We deny the relief requested in appellant's third issue and AFFIRM the judgment of the trial court.