NO. 07-00-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 6, 2001

_____

DANIEL L. PEREZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-99C-026; HONORABLE DAVID WESLEY GULLEY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Daniel L. Perez, Jr., appeals from his conviction for possession of a controlled substance with intent to deliver. Via 11 issues appellant lodges four substantive challenges: (1) he was precluded from cross-examining an undercover police officer about prior use of cocaine; (2) the evidence was insufficient to prove he was not entrapped; (3) the trial court admitted hearsay testimony; and (4) he received ineffective assistance of counsel. We affirm.

BACKGROUND

Appellant was indicted for intentionally or knowingly possessing 400 grams or more of cocaine with intent to deliver. Appellant did not contest his possession of the cocaine with intent to deliver; rather, he maintained that he was induced to commit the offense by a female undercover police officer. He asserted the defense of entrapment. The trial court conducted a pre-trial hearing on the defense and found that appellant was not entrapped.

The case was tried in February, 2000. A jury found appellant guilty. The court sentenced him to confinement for life.

Appellant asserts 11 issues in seeking reversal of his conviction. In his first issue he urges that the trial court violated his right to confront witnesses against him by denying him the opportunity to cross-examine an undercover police officer about her use of cocaine in 1996. By his second issue he challenges the sufficiency of the evidence to prove he was not entrapped. Issues three and four assert error in the admission of hearsay testimony. In issues five through 11 he alleges ineffective assistance of counsel. We will address the issues as presented and grouped by appellant.

ISSUE 1: DENIAL OF RIGHT

TO CROSS-EXAMINE WITNESS

At a pre-trial hearing, undercover officer Allison Forbis testified that in 1996 she had used cocaine. At trial the State moved, *in limine*, for an order that appellant's counsel

2

approach the bench for a ruling before questioning Forbis about such matter during trial before the jury.  The motion was granted.

Appellant asserts that the refusal of the trial court to allow cross-examination of the witness on such matter was a denial of his rights under the Sixth Amendment to the Federal Constitution.  The State responds that appellant did not attempt to introduce such evidence before the jury, did not approach the bench during trial for a ruling, and therefore has not preserved error.  We agree.

Appellant does not reference the record where he sought to introduce the testimony which he alleges was excluded in error.  He does not assert in his brief that the trial court excluded the testimony, only that the trial court instructed his counsel to approach the bench for a relevancy ruling before attempting to elicit the testimony during trial.

A ruling on a State's motion *in limine* that excludes defense evidence is subject to reconsideration throughout trial, and an offer of the evidence must be made at trial in order to preserve error.  See Warner v. State, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998) (en banc). Appellant did not offer the evidence in question during trial.  He has not preserved error. Id.  Appellant's first issue is overruled.

ISSUE 2: INSUFFICIENCY OF EVIDENCE TO PROVE

APPELLANT WAS NOT ENTRAPPED

Appellant sought to defend his admitted possession of cocaine by the defense of entrapment.  See TEX. PENAL CODE ANN. § 8.06 (Vernon 1994).[1]  The trial court held a pre-

---

[1]Further references to the Penal Code will be by reference to "Penal Code §_."

trial hearing on his defense and found that appellant was not entrapped.  See TEX. CODE. CRIM. PROC. ANN. art. 28.01(9) (Vernon Supp. 2001).  His issue complains of the trial court's finding that he was not entrapped, and he cites authority for both legal and factual insufficiency standards of review.  He also references evidence in both the pre-trial hearing and in trial, but does not challenge the jury's implicit finding against him on his defense.  We construe the issue to (1) challenge the legal and factual sufficiency of the evidence to support the trial court's pre-trial determination that appellant was not entrapped, (2) seek reversal of the trial court's pre-trial determination on the entrapment defense, and (3) seek judgment from this court ordering dismissal of the charges.

The abuse of discretion standard governs our review of a trial court's pre-trial ruling on a motion to dismiss because the defendant was entrapped.  See Cook v. State, 646 S.W.2d 952, 952 (Tex.Crim.App. 1983) (en banc).  Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the factfinder's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony.  See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000) (en banc).  When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court.  See Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd).  When conflicting evidence exists as to entrapment, the trial court does not abuse its discretion in overruling a motion to dismiss.  See Cook, 646 S.W.2d at 952.

4

The test for entrapment has a subjective prong and an objective prong. See England v. State, 887 S.W.2d 902, 913 n.10 (Tex.Crim.App. 1994) (en banc). The first prong is subjective: was the accused subjectively induced by law enforcement authorities to engage in the illegal conduct. Id. The second prong is objective: was the conduct of the authorities that induced the accused to engage in illegal conduct such that an ordinary person would have been induced to engage in the illegal conduct. Id.

The briefs of appellant and the State ably set out the conflicting evidence as to entrapment. Numerous conflicts existed between the testimony of appellant and officer Forbis who worked the case undercover. For example, appellant claimed that he had no intention of entering into drug deals, but he ran into officer Forbis in a bar where she was working as a waitress. He testified that officer Forbis made romantic overtures to him and eventually induced him to obtain cocaine for her to purchase. He also testified that she told him she dealt drugs and needed another supplier. Officer Forbis, however, denied that she romanced appellant; denied that she told him that she dealt drugs and needed another supplier; and maintained that appellant initiated the offers to obtain and sell cocaine to her.

Evidence at the pre-trial hearing conflicted as to whether appellant was entrapped. Because evidence supported the trial court's determination and the evidence was conflicting, the trial court did not abuse its discretion in finding that appellant was not entrapped and in refusing to dismiss the case. See Cook, 646 S.W.2d at 952. Appellant's second issue is overruled.

5

ISSUES 3 AND 4: HEARSAY TESTIMONY

In issues 3 and 4 appellant complains about the admission of hearsay testimony describing him as a drug dealer and as a person who could get drugs for people. He notes that hearsay implicates the Confrontation Clause of the Sixth Amendment to the Federal Constitution. He also notes that no objection to the testimony was made at trial.

The State concurs that appellant did not object at trial to the testimony complained of by appellant's issues 3 and 4. The State urges, in part, that appellant did not preserve error. We agree.

To preserve error for appellate review, the complaining party must make a timely objection specifying the grounds for the objection, if the grounds are not apparent from the context; the objection must be made at the earliest possible opportunity; the complaining party must obtain an adverse ruling from the trial court; and the issue on appeal must correspond to the objection made at trial. See TEX. R. APP. P. 33.1(a)(1);[2] Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (en banc). Appellant did not do so. He has not preserved error for review. Issues 3 and 4 are overruled.

ISSUES 5, 6, 7, 8, 9, 10, 11: INEFFECTIVE
ASSISTANCE OF COUNSEL

Appellant's issues 5 through 11 assert that he received ineffective assistance of counsel. Issues 5, 6, and 8 complain that appellant's trial counsel did not object to hearsay

---

[2]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP_."

testimony. Issue 7 urges that appellant's counsel made only one objection during trial. Issue 9 urges error in failing to object to bolstering testimony. Issue 10 alleges counsel was ineffective because notice of appeal was filed late. Issue 11 posits that appellant's counsel was ineffective because counsel failed to file any pre-trial motions to discover evidence about officer Forbis or notice from the State. We will address the issues and the State's responses as the issues have been grouped by appellant.

## A. Ineffective Assistance of Counsel

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (en banc). Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. To be successful in this regard, an appellant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the

7

evidence in order to prevail. <u>Tong v. State</u>, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000) (en banc); <u>McFarland v. State</u>, 845 S.W.2d 824, 842-43 (Tex.Crim.App. 1992) (en banc). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 690, 104 S.Ct. at 2065. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. <u>Cannon v. State</u>, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). The record must affirmatively demonstrate the alleged ineffectiveness. <u>McFarland</u>, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. <u>Id</u>. Absent both showings an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. <u>Ex parte Menchaca</u>, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993) (en banc).

## B. Issues 5, 6 and 8: Failure to Object to Hearsay

Appellant's issues 5, 6 and 8 assert that appellant's trial counsel was ineffective for failing to object to certain testimony which appellant categorizes as hearsay. The State, however, replies that the testimony was not hearsay, was not objectionable, that appellant has not proved that his trial counsel did not have a trial strategy in not objecting to the testimony or that the trial court would have sustained an objection if made, and appellant has not proved a reasonable probability that but for counsel's failure to object, the result of the trial would have been different.

8

To successfully present an argument that counsel was ineffective because of a failure to object to the State's questioning and argument, appellant must show that the trial court would have committed error in overruling such objection. Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996) (en banc). Appellant does not advance authority for his assertions that the testimony complained of was not admissible. Thus, he has not shown that the trial court would have erred in overruling his objection. Furthermore, failure to adequately brief the argument and provide authority to support a particular issue waives the complaint. Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995) (en banc). And, for these issues as well as for all of appellant's issues urging ineffective assistance of counsel, we note that the record does not contain any proof or explanation for counsel's actions or alleged omissions. Even when the record shows that an objection to certain evidence was sustained and that no objection was made at the time of a subsequent offer of the same evidence, in the absence of reasons in the record for counsel's failure to object to the subsequent offer, ineffective assistance was not proved. See Thompson v. State, 9 S.W.3d 808, 813-15 (Tex.Crim.App. 1999).

Appellant has not proved that his counsel's representation was deficient. We overrule issues 5, 6 and 8.

### Issue 7: Only One Objection During Trial

Via issue 7, appellant asserts that his counsel was ineffective because counsel made only one objection during the course of trial. In connection with this issue appellant does not point out any evidence or conduct by the State or the trial court to which he

contends an objection should have been lodged, and which the trial court would have erred in overruling. He provides no authority for the argument that making any particular number of objections during trial, whether one or more, equates to deficient representation.

As we have previously noted, to successfully present an argument that counsel was ineffective because of a failure to object, appellant must show that the trial court would have committed error in overruling such objection. See Vaughn, 931 S.W.2d at 566. By this issue he has not set out or referred to the record to demonstrate any evidence, testimony, or action of opposing counsel or the trial court to which his counsel should have objected. Nor has he referenced authority holding that some minimum number of objections by trial counsel is required for counsel to constitute effective counsel. Failure to support an issue by appropriate citations to the record and to authority waives the complaint. See TRAP 38.1(h); Lawton, 913 S.W.2d at 558. Issue 7 is overruled.

ISSUE 9: Failure to Object to Testimony Characterizing

Undercover Officer as Excellent Officer

Appellant's issue 9 urges that his trial counsel was ineffective for failing to object to testimony that during the drug operation which resulted in appellant's indictment, undercover officer Forbis was an excellent officer, made several narcotics cases for law enforcement, and followed instructions of her supervisors. In making his assertion of error, appellant generally references "Rule 403" and cases involving "bolstering" testimony.

The State responds that the evidence was admissible at least on the issue of the conflict between testimony from appellant and Forbis as to whether Forbis was romantically

involved with appellant and accepted gifts from him. The State points to appellant's theory that Forbis' conduct went beyond accepted boundaries and thus was entrapment.

Appellant does not cite authority for the proposition that if the testimony had been objected to by his counsel, the trial court would have erred in overruling the objection. Proving ineffective assistance of counsel for failure to object to testimony requires, at the outset, that appellant prove that the trial court would have erred in overruling the objection. See Vaughn, 931 S.W.2d at 566. Appellant has not cited authority that, under the record presented, the trial court would have abused its discretion in overruling an objection that the testimony was improper "bolstering" or an objection that the evidence was inadmissible pursuant to TEX. R. EVID. 402, 403, 608(a) or 612(c), all of which are referenced in his brief. Nor has appellant proved to a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. We overrule issue 9.

ISSUE 10: Notice of Appeal Filed Late and

Appeal Dismissed

Next, appellant argues that counsel was ineffective because notice of appeal was filed late and his appeal was dismissed. Issue 10 is based on the fact that he was sentenced on February 24, 2000, and counsel filed notice of Appeal on March 30, 2000. His appeal was then dismissed for lack of jurisdiction due to the late-filed notice. Appellant recognizes existence of authority to the effect that proof of some delay in the appellate process does not amount to proof that the result of an appeal would have been different,

11

in reasonable probability, had the delay not occurred.  See Saldana v. State, 33 S.W.3d 70, 72 (Tex.App.--Corpus Christi 2000, pet. ref'd).

The State counters by challenging appellant's proof of the second prong of Strickland; that is, appellant must prove to a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  In making its response, the State notes that the Court of Criminal Appeals allowed an out-of-time appeal to appellant, and such appeal is now before this court.

We agree with the State.  Appellant has not alleged or proved how the issues on appeal would have been any different, or our decision would have varied, if his appeal had proceeded earlier in time from a timely-filed notice of appeal.  He has not proved prejudice flowing from the late-filed notice of appeal, as required by Strickland, in order to prevail on an ineffective assistance of counsel claim.  See id.  We overrule appellant's tenth issue.

ISSUE 11: Failure to File Pre-trial Motions to Discover

Evidence About Officer Forbis or Notice from the State

In his 11th issue, appellant asserts that his trial counsel was ineffective because he failed to file pre-trial motions to discover evidence about undercover officer Forbis, and to require "notice" from the State.  Appellant does not, in his statement of facts under issue 11, nor in his argument and authority, reference any evidence which would have been discovered if such motions had been made and granted.  Nor does he refer to or point out how he was prejudiced by the failure of his counsel to file the pre-trial motions.  See id.

12

Appellant has not proved ineffective assistance of counsel in the absence of proof that to a reasonable probability, but for counsel's alleged error, the result of the proceeding would have been different.  <u>See</u> <u>id</u>.  We overrule appellant's 11th issue.

## CONCLUSION

Having overruled appellant's 11 issues, we affirm the judgment of the trial court.

Phil Johnson
Justice

Do not publish.