NO. 07-03-0224-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 27, 2003


______________________________



HAROLD LEROY SEVERN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 84,251; HON. CHARLES D. CARVER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Harold Leroy Severn (appellant) appeals his conviction for failing to comply with the
requirements of the sex offender registration program. Via a plea agreement, appellant
pled guilty, and his punishment was assessed at four years in prison. This comported with
the plea agreement. Furthermore, the trial court granted appellant permission to appeal
its pretrial decision which rejected the contention that the statute obligating sex offenders
to register was unconstitutional. After filing a writ of habeas corpus, appellant was granted
an out-of-time appeal. Counsel was appointed to represent appellant. Thereafter, counsel
for appellant filed an Anders (1) brief along with a motion to withdraw; he contended that no
error existed warranting reversal of the judgment. The motion and brief indicate that
appellant was informed of his rights to review the appellate record and file his own brief. 
So too did this court inform appellant, by letter dated September 23, 2003, that any pro se
response or brief he cared to file had to be filed by October 23, 2003. To date, appellant
has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel
explained why there existed no arguable ground for appeal. For instance, he
acknowledged that appellant was granted permission to appeal based on the
constitutionality of the sex offender statute. However, counsel then cited to authority
holding appellant's pretrial arguments to be without merit. See Saldana v. State, 33
S.W.3d 70 (Tex. App.-Corpus Christi 2000, pet. ref'd) (holding that the Sex Offender
Registration Program does not constitute "punishment" for appellant's past crimes);
Rodriguez v. State, 45 S.W.3d 685 (Tex. App.-Fort Worth 2001), aff'd, 96 S.W.3d 60 (Tex.
Crim. App. 2002) (holding that because the registration requirement is remedial in nature,
i.e. a statute enacted for the advancement of the public welfare or conducive to the public
good, it does not impose "punishment" for constitutional purposes and is not susceptible
to an ex post facto claim).

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). The plea of guilty
was voluntary and knowing, and the punishment assessed was within the range prescribed
by law. Tex. Code Crim. Proc. Ann. art. 62.10(b)(3) (Vernon Supp. 2003).

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court. 

 

 Brian Quinn 

 Justice 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).