NO. 07-03-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 27, 2003

_____

HAROLD LEROY SEVERN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84,251; HON. CHARLES D. CARVER, PRESIDING

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Harold Leroy Severn (appellant) appeals his conviction for failing to comply with the requirements of the sex offender registration program. Via a plea agreement, appellant pled guilty, and his punishment was assessed at four years in prison. This comported with the plea agreement. Furthermore, the trial court granted appellant permission to appeal its pretrial decision which rejected the contention that the statute obligating sex offenders to register was unconstitutional. After filing a writ of habeas corpus, appellant was granted

an out-of-time appeal. Counsel was appointed to represent appellant. Thereafter, counsel for appellant filed an *Anders*[1] brief along with a motion to withdraw; he contended that no error existed warranting reversal of the judgment. The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief. So too did this court inform appellant, by letter dated September 23, 2003, that any *pro se* response or brief he cared to file had to be filed by October 23, 2003. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel explained why there existed no arguable ground for appeal. For instance, he acknowledged that appellant was granted permission to appeal based on the constitutionality of the sex offender statute. However, counsel then cited to authority holding appellant's pretrial arguments to be without merit. *See Saldana v. State*, 33 S.W.3d 70 (Tex. App.–Corpus Christi 2000, pet. ref'd) (holding that the Sex Offender Registration Program does not constitute "punishment" for appellant's past crimes); *Rodriguez v. State*, 45 S.W.3d 685 (Tex. App.–Fort Worth 2001), *aff'd,* 96 S.W.3d 60 (Tex. Crim. App. 2002) (holding that because the registration requirement is remedial in nature, *i.e.* a statute enacted for the advancement of the public welfare or conducive to the public good, it does not impose "punishment" for constitutional purposes and is not susceptible to an ex post facto claim).

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

(Tex. Crim. App. 1991) (requiring us to conduct an independent review).  The plea of guilty was voluntary and knowing, and the punishment assessed was within the range prescribed by law.  TEX. CODE CRIM. PROC. ANN. art. 62.10(b)(3) (Vernon Supp. 2003).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn<br>
Justice

Do not publish.

3