Edward Galvan CORONADO, Appellant

v.

The STATE of Texas, Appellee.

No. 14–03–01055–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 5, 2004.

Brian D. Coyne, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE and RAY.*

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Edward Galvan Coronado, was charged with failure to register pursuant to the Texas Sex Offender Registration Program ("SORP"). Appellant initially registered in 1998 when he was paroled following a conviction for aggravated sexual assault. Although he annually verified his registration, as required, for approximately six years, he failed to verify his registration in 2003. After he waived a jury trial, the trial court found him guilty and assessed punishment at twenty-five years' confinement. On appeal, appellant contends the SORP is unconstitutional. We affirm.

### THE STATUTE

The SORP requires certain sex offenders to register with the appropriate law enforcement authority. *See* TEX.CODE CRIM. PROC. ANN. arts. 62.01–.14 (Vernon Supp.2004–2005). Depending on the severity of the convicted offense, a sex offender must verify his registration at various intervals. *Id.* art. 62.06. A sex offender commits an offense if he fails to comply with any of the SORP's requirements. *Id.* art. 62.10.

Appellant contends the SORP (1) violates due process of law under the United States Constitution, (2) violates due course of law under the Texas Constitution, (3) constitutes ex post facto punishment in violation of the United States Constitution, and (4) constitutes ex post facto punishment in violation of the Texas Constitution.[1]

### DUE PROCESS CHALLENGE

In his first and second issues, appellant contends the SORP violates due process of law under the United States Constitution and due course of law under the Texas Constitution because it is unconstitutionally vague on its face. When a vagueness challenge involves First Amendment concerns, the statute may be held facially invalid even though it may not be unconstitutional as applied to the appellant's conduct. *Long v. State*, 931 S.W.2d 285, 288 (Tex.Crim.App.1996); *Rodriguez v. State*, 47 S.W.3d 86, 88 (Tex.App.-Hous-

---

* The Honorable Elizabeth Ray, Judge of the 165th District Court of Harris County, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(h) (Vernon Supp.2004).

1. Although appellant separately briefed his United States and Texas constitutional issues, he cites no authority that the Texas Constitution offers any greater or different protection than the United States Constitution. Therefore, we will not address the Texas constitutional claims separately. *See Black v. State*, 26 S.W.3d 895, 896 n. 4 (Tex.Crim.App.2000); *Lantz v. State*, Nos. 14–02–00726–CR, 14–02–00787–CR, 2003 WL 21282786, at *1 n. 5 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (not designated for publication).

ton [14th Dist.] 2001, pet. ref'd). However, where no First Amendment rights are involved, we need only examine the statute to determine whether it is impermissibly vague as applied to the appellant's specific conduct. *Bynum v. State*, 767 S.W.2d 769, 773–74 (Tex.Crim.App.1989) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)); *Rodriguez*, 47 S.W.3d at 88. Appellant has cited no First Amendment concerns involved in this case. Accordingly, appellant bears the burden to establish the SORP is unconstitutional as applied to him; that it might be unconstitutional as to others is not sufficient. *See Bynum*, 767 S.W.2d at 774; *Rodriguez*, 47 S.W.3d at 88.[2]

■ A statute is void for vagueness when (1) it fails to give a person of ordinary intelligence fair notice of the conduct prohibited, or (2) is so indefinite that it encourages arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Clark v. State*, 665 S.W.2d 476, 482 (Tex.Crim.App.1984).

■ With respect to the first aspect of the void for vagueness doctrine, appellant claims the SORP does not require the State to give notice to a sex offender of the duty to register before the sex offender can be prosecuted for failure to register. However, appellant cites no evidence that *he* lacked notice of the duty to register. To the contrary, the evidence establishes that the State gave appellant notice of the duty to register.

Detective Jerry Wright of the Pasadena, Texas Police Department testified that on several occasions, he clearly explained to appellant that he was required to verify his registration annually for the remainder of his life. In addition, appellant signed an "Affirmation of Sex Offender Status" that detailed the annual registration requirements and explained that failure to comply is a felony offense. Most significantly, appellant acknowledged at trial that he knew of the registration requirements. He initially registered when he was paroled in 1998 and verified his registration annually for approximately six years. However, he "just forgot" to register in 2003 because he was busy with work and family. Therefore, as applied to appellant, the SORP gave fair notice of the registration requirements. *Cf. Lambert v. California*, 355 U.S. 225, 227–30, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) (holding California law requiring convicted felons to register was unconstitutional as applied to the defendant whom did *not* have notice of the duty to register).

■ With respect to the second aspect of the void for vagueness doctrine, appellant claims the SORP results in arbitrary and discriminatory enforcement. When analyzing the second aspect, we focus on whether a statute provides determinate guidelines for law enforcement to policemen, judges, and juries. *See Kolender*,

---

2. The state contends that appellant waived his constitutional challenge by failing to object at trial. While a facial challenge to the validity of a statute may be raised for the first time on appeal, an as-applied challenge may not. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim.App.1995); *McGowan v. State*, 938 S.W.2d 732, 741–42 (Tex.App.-Houston [14th Dist.] 1996), *aff'd sub nom. by Weightman v. State*, 975 S.W.2d 621 (Tex.Crim.App.1998). Here, appellant frames his challenge as a facial challenge although he must first prevail on the threshold as applied challenge. There is some authority that in the limited context of a facial challenge, an appellate court must address the threshold as-applied challenge even if the issue was not raised below. *See Sullivan v. State*, 986 S.W.2d 708, 713–14 (Tex.App.-Dallas 1999, no pet.). Therefore, we will address the threshold as-applied challenge.

461 U.S. at 358, 103 S.Ct. 1855; *Long,* 931 S.W.2d at 288. However, appellant does not argue that the SORP fails to provide determinate guidelines for law enforcement.[3]

Regardless, the SORP does provide determinate guidelines for law enforcement. The SORP is quite explicit in its requirements and enforcement standards. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 62.03 (detailing how and when authorities are to inform sex offenders about the registration program and register offenders); art. 62.06 (detailing verification requirements); art. 62.10 (detailing what constitutes a violation of the SORP). In short, nothing is left to the discretion of law enforcement officers. Therefore, the SORP does not encourage arbitrary and discriminatory enforcement. *See Reyes v. State,* 119 S.W.3d 844, 848 (Tex.App.-San Antonio 2003, no pet.) (holding that the SORP does not permit arbitrary or discriminatory enforcement because its requirements are sufficiently detailed that enforcement is not relegated to subjective interpretation); *see also Ex Parte Mercado,* No. 14–02–00750–CR, 2003 WL 1738452, at *8 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (not designated for publication) (recognizing "virtually nothing" is delegated to policemen, judges, or juries regarding how the SORP is enforced); *cf. Kolender,* 461 U.S. at 358–62, 103 S.Ct. 1855 (finding California anti-loitering statute requiring persons who wandered the streets to present "credible and reliable" identification when requested by a police officer was unconstitutionally vague because it vested complete discretion in the police officer to determine what

constituted "credible and reliable" identification).

Further, the evidence establishes that law enforcement authorities followed the SORP's guideline in appellant's situation. Specifically, appellant was required to report to the police department to verify his registration every year, no later than thirty days after his birthday. *See id.* art. 62.06(a). When appellant failed to do so in 2003, Detective Wright determined he had violated the SORP and arrested him. *See id.* art. 62.10(a) (stating person commits an offense by failing to comply with any SORP requirement).

Accordingly, because appellant had fair notice of the SORP's requirements, and the SORP does not encourage arbitrary and discriminatory enforcement, we reject appellant's challenge that the SORP is unconstitutionally vague on its face. Appellant's first and second issues are overruled.

### Ex Post Facto Challenge

 In his third and fourth issues, appellant contends the SORP violates the ex post facto clauses of the United States Constitution and the Texas Constitution. Specifically, appellant contends the registration requirements had not been enacted at the time of his conviction for sexual assault; therefore, the SORP retroactively imposes greater punishment than originally attached to the offense when committed.

A law that inflicts a greater punishment than the law attached to a criminal offense when committed violates the ex post facto clause. *See Rodriguez v. State,* 93 S.W.3d 60, 66 (Tex.Crim.App.2002); *Dean v. State,* 60 S.W.3d 217, 219–20 (Tex.App.-Houston 2001, pet. ref'd). When analyzing an ex

---

**3.** Instead, he claims the SORP results in arbitrary and discriminatory enforcement because those who have notice and those who do not are prosecuted alike. Therefore, he essentially rehashes his argument that the SORP does not give notice to a sex offender of the duty to register.

post facto challenge, we must decide whether the law is being applied retroactively, and, if so, whether it constitutes punishment for constitutional purposes. *Rodriguez,* 93 S.W.3d at 67; *Dean,* 60 S.W.3d at 220. The Texas Court of Criminal Appeals and this court have held that the SORP is civil and remedial in nature— not punitive; thus, its retroactive application does not violate the ex post facto clause. *See Rodriguez,* 93 S.W.3d at 69, 79; *Dean,* 60 S.W.3d at 219–25; *see also Lantz,* 2003 WL 21282786, at *2.[4] Accordingly, we reject appellant's ex post facto challenge. Appellant's third and fourth issues are overruled.

The judgment of the trial court is affirmed.

4. Moreover, the United States Supreme Court has upheld a similar statute. *See Smith v. Doe,* 538 U.S. 84, 105–06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (holding Alaska's sex offender registration program did not violate ex post facto clause).