Affirmed and Memorandum Opinion filed October 4, 2005









Affirmed and Memorandum Opinion filed October 4, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00407-CR

____________

 

MICHAEL FLAVIL
MANN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 983,524

 



 

M E M O R A N D U M   O P I N I O N

Appellant Michael Flavil Mann challenges
his conviction and life sentence for failure to comply with sex offender
registration requirements.  Appellant
alleges that the registration requirement for a person convicted of sexual
assault before the adoption of the Sex Offender Registration Program is an ex
post facto law in violation of the United States and Texas constitutions. We affirm.








I.  Factual
Background

Appellant was
convicted of aggravated sexual assault in 1987. 
In April 2004, he was charged by indictment with failure to comply with
the Texas Sex Offender Registration Program. 
Appellant pleaded Anot guilty.@  A jury found appellant guilty as charged, and
the trial court sentenced him to life imprisonment in the Texas Department of
Criminal Justice, Institutional Division.

II.  Issues Presented

In his sole issue on appeal, appellant
contends that requiring him to register as a sex offender for a crime committed
before the adoption of the Sex Offender Registration Program is
unconstitutional because it is an ex post facto law in violation of
Article I, Section 10 of the United States Constitution and Article I, Section
16 of the Texas Constitution.

 

III. 
Analysis

The Sex Offender Registration Program
contained in chapter 62 of the Texas Code of Criminal Procedure requires a
person convicted of an enumerated offense, among other things, to register with
local law enforcement authority in any municipality in which the person expects
to reside for longer than seven days.  See
Tex. Crim. Proc. Ann. art.
62.02(a) (Vernon Supp. 2004).  The Sex
Offender Registration Program places a duty to register on a Aperson who has a
reportable conviction or adjudication.@  Id. art. 62.02.  Article 62.01 specifies that a conviction for
a violation of Tex. Penal Code Ann.
' 22.021 (Vernon Supp. 2004)
(aggravated sexual assault) is a reportable conviction.  See id. art. 62.01(5)(A).  The registration program applies to
reportable convictions occurring on or after September 1, 1970.  See id. art. 62.11 (Vernon Supp.
2004).  An individual commits an offense
under the Sex Offender Registration Program if the person is required to
register and fails to comply with any of the program=s
requirements.  See id. art. 62.10.








Appellant, having been convicted of
aggravated sexual assault in 1987, is subject to the requirements of the Sex
Offender Registration Program.  Although
appellant=s conviction predates the enactment
of the Sex Offender Registration Program, the remedial nature of the statute
does not constitute punishment and thus does not offend either the United
States Constitution or the Texas Constitution.













The
United States Constitution contains an absolute prohibition against ex post
facto laws.  U.S. Const. art. I, ' 10; Calder v.
Bull, 3 U.S. (3 Dall.) 386, 396B97, 1 L.Ed. 648,
657B59 (1798).[1]  Our state constitution also prohibits ex
post facto laws.[2]  An ex post facto law is one that: (1)
punishes as a crime conduct previously committed, which was innocent when done;
(2) makes more burdensome the punishment of a crime after its commission; (3)
deprives one charged with a crime of any defense available at the time when the
act was committed; or (4) alters the legal rules of evidence, and receives less
or different testimony, than the law required at the time of the commission of
the offense in order to convict the offender. 
Carmell v. Texas, 529 U. S. 513, 522B25,
120 S. Ct. 1620, 1627B29, 146 L. Ed. 2d 577 (2000); Collins
v. Youngblood, 497 U. S. 37, 42, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 30
(1990); Ex Parte Davis, 947 S.W.2d 216, 219B20
(Tex. Crim. App. 1996).  This court has
considered this issue and found that the statute is regulatory and does not
violate the prohibition against ex post facto laws.  Dean v. State, 60 S.W.3d 217, 219B20
(Tex. App.CHouston [14th Dist.] 2001,
pet. ref=d).  Legislatures cannot retroactively alter the
definition of crimes or increase the punishment for criminal acts.  Collins, 497 U. S. at 43, 110 S. Ct.
at 2719.  A statute violates the ex
post facto prohibition if it retroactively increases the punishment for
criminal acts.  California Dept. Of
Corrections v. Morales, 514 U. S. 499, 508, 115 S. Ct. 1597, 1602, 131 L.
Ed.2d 588 (1995).  Thus, the key inquiry
is whether the Sex Offender Registration Program applies a Anew
punitive measure to a crime already consummated.@  Morales, 514 U. S. at 505, 115 S. Ct.
at 1601 (citation omitted); Dean, 60 S.W.3d at 225 (stating that Athe
Act and its 1999 amendments are not excessive in relation to its stated
non-punitive purposes . . . the Act is essentially regulatory.  Accordingly, the Act and 1999 amendments do
not violate the ex post facto clause in the United States Constitution@); Lantz
v. State, No. 14-02-00726-CR & 14-02-00787-CR, 2003 WL 21282786, at *2
(Tex. App.CHouston [14th Dist.] June 5,
2003, pet. ref=d) (not designated for
publication) (holding SORP does not violate ex post facto clause); see
also Coronado v. State, 148 S.W.3d 607, 611 (Tex. App.CHouston
[14th Dist.] 2004, no pet.) (stating that A[t]he
Texas Court of Criminal Appeals and this court have held that the Sex Offender
Registration Program is civil and remedial in natureBnot
punitive; thus, its retroactive application does not violate the ex post
facto clause@).  Furthermore, the United States Supreme Court
has recognized that, Awhether a sanction constitutes
punishment is not determined from the defendant=s
perspective, as even remedial sanctions carry the sting of punishments.@  See Dept. of Revenue of Mont. v.
Kurth Ranch, 511 U. S. 767, 777 n.14, 114 S. Ct.1937, 1945 n. 14, 128
L.Ed.2d 767 (1994) (citing United States ex. Rel. Marcus v. Hess, 317 U.
S. 537, 551, 63 S. Ct. 379, 387, 87 L.Ed 443 (1943)).  As this court reasoned in Dean, the
registration requirement was intended to be remedial in nature and not
punitive.  See id. at 221B22.  Because the Sex Offender Registration Program
was enacted for the advancement of the public welfare, it does not impose
punishment for constitutional purposes and does not constitute an ex post
facto law.  Id. at 225; Rodriguez
v. State, 45 S.W.3d 685, 689 (Tex. App.CFort
Worth 2001), aff=d, 93
S.W.3d 60 (Tex. Crim. App. 2002); Saldana v. State, 33 S.W.3d 70,
71B72
(Tex. App.CCorpus Christi 2000, pet. ref=d).  For this reason, this court has rejected ex
post facto challenges under both the United States and Texas
Constitutions.  Coronado v. State,
148 S.W.3d at 608.  We find no merit in
appellant=s ex post facto
argument, and we overrule his sole issue on appeal.  Accordingly, we affirm the trial court=s
judgment.

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed
October 4, 2005.

Panel consists of Justices Hudson, Frost and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Article I,
section 10 of the United States Constitution provides, ANo State shall . . . pass any Bill of Attainder, ex
post facto Law . . .@





[2]  The Texas Constitution provides
that: ANo . . . ex post facto law,
retroactive law, or any law impairing the obligation of contracts, shall be
made.@ 
Tex. Const. art. I, ' 16.