# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00523-CR

**Charles Arnold, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
## NO. D-1-DC-04-302360, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court found appellant Charles Arnold guilty of failing to verify his registration pursuant to the Texas Sex Offender Registration Program and sentenced him to three years in prison. In his only point of error, appellant urges that the registration program is unconstitutionally vague. We will overrule this contention and affirm the conviction.

By reason of his 1990 conviction for sexual assault of a child, appellant is required to report annually to his local law enforcement authority to register, or verify his registration, as a sex offender. *See* Tex. Code Crim. Proc. Ann. arts. 62.051(a), (f), 62.058(a) (West Supp. 2006) (formerly arts. 62.02(a), (d), 62.06(a)).[1] Appellant complied with this requirement for several years

---

[1] The Texas Sex Offender Registration Program was reenacted effective September 1, 2005. We will cite the current statutes and, in parentheses, note the corresponding former article numbers in effect when the instant offense was committed.

and was registered with the Austin Police Department at an address on Glomar Avenue. As of the time of this trial in July 2005, appellant had last verified that address in August 2002.[2]

Officer Martin Taylor, a member of the sex offender registration unit, testified that appellant attempted to register in October 2003, but he was turned away three times because he did not bring with him the required identification and proof of residence. Eventually, appellant was told that he would be permitted to register if he would bring another person with him to verify his residence.[3] Appellant failed to do this and was charged with violating the registration program. Appellant pleaded guilty and was assessed a jail term.

Taylor testified that he learned in August 2004 that appellant had been released from jail and was living at an address on East 12th Street. Taylor went to that address on September 6, met appellant, and told him that he needed to schedule an appointment to update his registration. Taylor said that appellant made an appointment for September 20, but he failed to appear. Taylor testified that he made several unsuccessful attempts to locate appellant between September 21 and October 26, 2004, when a warrant was issued for appellant's arrest. Taylor testified that the department had no record of appellant attempting to register in 2004. The instant conviction is based on appellant's failure to report in that year. Appellant does not question the sufficiency of the evidence.

---

[2] An annual registrant must report no earlier than thirty days before his birthday and no later than thirty days after his birthday. Tex. Code Crim. Proc. Ann. art. 62.058(a) (West Supp. 2006) (former article 62.06(a)). Appellant's birthday is August 23.

[3] Taylor explained that while sex offender registrants are required to provide documentary proof of identification and residence, the department will "work with" persons who have difficulty obtaining proof of identification or who do not have a permanent address so long as they maintain contact with the department.

Appellant testified that he was released from jail in June 2004 and attempted to register at that time (outside his prescribed reporting period), using his notarized jail booking sheet as proof of identification as he had done in the past. Appellant said that he was told that the booking sheet was not acceptable as proof of identification. Appellant testified that he had no other form of identification because "[a]ll my possessions got lost in my baby's mama's car when it went to the pound." Appellant said that he reentered jail in August 2004 for failing to pay child support and was not released until late September. The East 12th Street address entered on the booking sheet at that time belonged to his child's mother; appellant testified that his permanent residence remained on Glomar Street. Appellant acknowledged speaking to Taylor after leaving jail in September and admitted breaking an appointment to register. He explained that he made no further attempt to report for registration because he did not have and could not afford the necessary proof of identification.

Appellant urges, as he did below, that he was denied due process because the sex offender registration program is impermissibly vague. A criminal law must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, establish determinate guidelines for law enforcement, and, if First Amendment freedoms are implicated, be sufficiently definite to avoid chilling protected expression. *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972); *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996).[4] In the absence of any First Amendment concerns, a vagueness challenge will be sustained only if the statute is vague in all its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455

---

[4] Appellant concedes that the First Amendment is not implicated in this cause.

U.S. 489, 495 (1982). As an initial matter, the challenger must show that the statute is impermissibly vague as applied to his specific conduct. *Id*.; *Bynum v. State*, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989).

Appellant directs his challenge to article 62.051(f) (former article 62.02(d)), which provides that a person who reports to verify his registration must "produce proof of the person's identity and residence before the authority gives the registration form to the person for verification." Appellant argues that the statute does not specify the form that this required proof of identity and residence must take, and he complains that the Austin Police Department has engaged in "arbitrary and erratic" enforcement of the requirement as it applies to him. He cites his own testimony that he was previously allowed to use a jail booking sheet as proof of identity but was told in 2004 that this document was not sufficient. He also cites Taylor's testimony to the effect that the department would "work with" registrants who maintained contact with the department and were making a good faith effort to obtain the needed documents.

Appellant's argument might carry greater weight if the evidence showed that he had attempted to verify his registration, only to be told that proof of identity and residence previously deemed satisfactory would no longer be accepted. But as appellant concedes in his brief, he did not report at the prescribed time in 2004 to verify his registration. In fact, according to Taylor, he did not report at all. Appellant attempts to excuse his failure to report in 2004 by arguing that it would have been "an exercise in futility" because he did not have the required documents. But this is not a vagueness argument; by making it, appellant effectively concedes that he knew and understood the requirements of the registration program.

4

The sex offender registration program is explicit in its requirements and enforcement standards. *See Coronado v. State*, 148 S.W.3d 607, 610 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (rejecting constitutional vagueness challenge). The evidence in this cause shows that appellant understood his obligations under the program but made no effort to comply. Appellant's contention that the program has been arbitrarily applied against him is without merit.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   February 22, 2007

Do Not Publish

5