Affirmed and Memorandum Opinion filed February 12, 2009








Affirmed and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00709-CR

____________

 

ALESHIA MARIE AIKENS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1413922

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Aleshia Marie Aikens, was convicted by a jury of
failure to report child abuse or neglect.  Punishment was assessed at 180 days= confinement in
the Harris County Jail and a $2,000 fine.  In three issues, appellant contends
that (1) section 261.101(a) of the Texas Family Code is unconstitutionally
vague; (2) the evidence is legally insufficient; and (3) prosecution is barred
by the statute of limitations.  We affirm.








I.  BACKGROUND

Appellant is the mother of four children: Richard, Billy,
Maggie, and Suzie.[1] 
As the children were getting ready for school on the morning of November 2,
2006, appellant discovered blood in six-year-old Suzie=s panties. 
Appellant questioned Suzie about the blood, and Suzie eventually told her
mother that the older brother, Richard, Atook his thing and
stuck it in [her] butt.@  Appellant noticed that Suzie was still
bleeding from her vaginal area and attempted to schedule an appointment for
Suzie with the family doctor.  After speaking with the doctor=s office,
appellant was advised to take Suzie to the emergency room.  Appellant called
Child Protective Services and took Suzie to Texas Children=s Hospital.  In
the emergency room, doctors concluded that Suzie had been penetrated, causing
internal injuries to her vagina and rectum.  These internal injuries required
immediate  reconstructive surgery.  

Deputy Rodriguez and Detective King from the Harris County
Sheriff=s Department were
called to the hospital regarding a possible sexual assault.  At the hospital,
Detective King spoke with Maggie at her request; she told him that Richard
sexually assaulted her on a number of occasions as well.  Maggie told Detective
King that after one particular incident of sexual abuse, she and her brother,
Billy, told appellant about the abuse.  Detective King further testified that
appellant spoke with Richard about the incident and initially intended to
remove him from the house.  However, appellant ultimately allowed Richard to
stay in the house and limited his access to Maggie.[2] 
Thereafter, Richard continued to sexually abuse Maggie, but when asked by her
parents about Richard and any inappropriate behavior, Maggie denied any ongoing
abuse.  








Susan Odhiambo, a forensic interviewer at the Children=s Assessment
Center, spoke with Maggie a few days after Suzie=s surgery.  In the
interview, Maggie described incidents of sexual abuse by Richard and stated
that Billy told appellant about Richard=s abuse.  Further,
Dr. Robert DeAngelo, a clinical psychologist, testified that he interviewed
appellant.  Appellant indicated in the interview that she was aware Richard had
abused Maggie in the past.  Appellant told Dr. DeAngelo that she condemned
Richard=s acts and limited
his interaction with Maggie thereafter.

Appellant was charged with misdemeanor failure to report
child abuse or neglect.[3] 
After a jury trial, appellant was convicted and confined to county jail for 180
days; a $2,000 fine was also assessed against appellant.  On appeal, appellant
raises the following three issues: (1) section 261.101(a) of the Texas Family
Code is unconstitutionally vague; (2) the evidence is legally insufficient; and
(3) prosecution is barred by the statute of limitations.

II.  CONSTITUTIONALITY OF SECTION 261.101(a)








In her first issue, appellant argues that section
261.101(a) of the Family Code is unconstitutional on its face because the term Aimmediately@ is impermissibly
vague.  See Tex. Fam. Code ' 261.101(a).  When
reviewing the constitutionality of a statute, we begin with the presumption
that the statute is valid and that the legislature did not act unreasonably or
arbitrarily in enacting it.  Porath v. State, 148 S.W.3d 402, 414 (Tex.
App.CHouston [14th
Dist.] 2004, no pet.); Flores v. State, 33 S.W.3d 907, 920 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  The burden of proving the challenged
statute is unconstitutional rests on the party asserting the challenge.  Weyandt
v. State, 35 S.W.3d 144, 155 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  We will uphold a statute if a reasonable
construction of the statute at issue can be determined which will render it
constitutional and carry out the legislative intent.  Id.; DeWillis
v. State, 951 S.W.2d 212, 214 (Tex. App.CHouston [14th
Dist.] 1997, no writ).  

When a statute undergoes a facial challenge premised on
vagueness and no First Amendment rights are implicated, the defendant must show
that the statute is vague in all of its applications; if it is not vague as
applied to the defendant, then it is not vague in all of its applications. 
Sanchez v. State, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999).  Thus, in
reviewing the facial constitutionality of section 261.101(a), appellant must
first satisfy the burden of establishing that the statute is unconstitutional
as applied to her.  See id.; see also Coronado v. State, 148
S.W.3d 607, 609  n.2 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(acknowledging that in the limited context of a facial challenge, an appellate
court must address the threshold as-applied challenge); Rodriguez v. State,
47 S.W.3d 86, 88 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  A statute is
not rendered vague or indefinite merely because its words or phrases are not
specifically defined.  State v. Edmond, 933 S.W.2d 120, 126 (Tex. Crim.
App. 1996).  Terms that are not defined in a statue are to be given their plain
and ordinary meaning.  Floyd v. State, 575 S.W.2d 21, 23 (Tex. Crim.
App. 1978).  








Applying the relevant standard, we first address whether
appellant has shown that section 261.101(a) is unconstitutional as applied to
her.  Section 261.101(a) provides that A[a] person having
cause to believe that a child=s physical or mental health or welfare has
been adversely affected by abuse or neglect by any person shall immediately
make a report . . . .@  Tex. Fam. Code ' 261.101(a). 
Appellant=s facial challenge fails because the statute is
sufficiently clear as applied to her.  The record reflects that appellant had
cause to believe that Maggie was being abused by Richard.  Detective King,
Odiambo, and Dr. DeAngleo testified appellant became aware that Richard
sexually abused Maggie and did not report the abuse.  Appellant responded to
the abuse by lecturing Richard and limiting his access to Maggie.  Because
appellant never reported the abuse, her conduct is clearly covered by the
statute.  See Sanchez, 995 S.W.2d at 683 (Tex. Crim. App. 1999) (holding
that a person who engages in some conduct that is clearly proscribed cannot
complain of the vagueness of the law as applied to the conduct of others); Rodriguez,
47 S.W.3d at 89.[4]
 Appellant has failed to show that section 261.101(a) is
unconstitutionally vague as applied to her.  

Having concluded that appellant has not demonstrated that
the statute is unconstitutionally vague as applied to her, she has also failed
to show that the statute is unconstitutional on its face.  See id.  We
overrule appellant=s first issue. 

III.  LEGAL SUFFICIENCY

In appellant=s second issue,
she argues that the evidence is legally insufficient on the element of harm to
the complainant=s mental or physical welfare.  In a legal
sufficiency review, we view all the evidence in the light most favorable to the
verdict and determine whether a trier of fact could not have found each element
of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App.
2000).  The jury is the exclusive judge of the credibility of witnesses and of
the weight to be given to their testimony.  Lancon v. State, 253 S.W.3d
699, 706-07 (Tex. Crim. App. 2008).  Reconciliation of conflicts in the
evidence is within the exclusive province of the jury.  Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  We must resolve any inconsistencies
in the testimony in favor of the verdict.  Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).








Appellant claims that none of the State=s witnesses
testified definitively as to whether Maggie=s mental or
physical welfare was actually harmed.  However, section 261.101(a) requires
that the State prove appellant had Acause to believe@ that Maggie=s physical or
mental health or welfare had been adversely affected by abuse.  See Tex.
Fam. Code ' 261.101(a).  The record reflects that Billy and
Maggie told appellant about the sexual abuse, giving appellant cause to
believe that Maggie=s physical or mental health or welfare had
been adversely affected by Richard=s abuse.  See
Rodriguez, 47 S.W.3d at 89.  Although Billy and Maggie partially recanted
their statements that appellant knew of the abuse, it is within the exclusive
province of the jury to resolve conflicts in the evidence.  See Margraves,
34 S.W.3d at 919.  Apparently, the jury resolved the conflicting evidence in
favor of the testimony of Detective King, Odiambo, and Dr. DeAngleo that
appellant was aware of the abuse and had cause to believe that Maggie=s mental and
physical health had been adversely affected by abuse.

Furthermore, the State presented evidence that Maggie
became fearful of Richard and that the ongoing sexual abuse caused Maggie to
physically bleed.  Richard also pleaded guilty to the offense of sexually
assaulting Maggie.  We conclude that the evidence is legally sufficient on the
element that appellant had cause to believe that a child=s physical or
mental health or welfare was adversely affected by abuse.  We overrule
appellant=s second issue.

IV.  STATUE OF LIMITATIONS

In her third issue, appellant argues that prosecution is
barred by the statute of limitations.  A two-year statute of limitations
applies to a misdemeanor offense such as the one for which appellant was
convicted.  See Tex. Code Crim. Proc. art. 12.02.  The charging
instrument in this case was filed on November 3, 2006.  Thus, the charged
offense would be barred by limitations only if it occurred before November 2,
2004.








The State presented evidence that Maggie was sexually
abused on several occasions, and on at least one occasion, appellant had cause
to believe Maggie had been sexually abused.  On this one particular incident,
Richard was caught lying on top of Maggie in their parent=s bedroom; both of
them were nude.  In interviews with CAC, both Billy and Maggie testified that
they told appellant about this incident.  Moreover, Billy testified that he was
in fourth grade at the time of trial, which was in August 2007 and that this
particular incident happened when he was in second grade.  According to this
portion of his testimony, appellant became aware of the sexual abuse two years
prior to trial, in or around 2005.  Maggie also testified that she was eight at
the time of the incident and ten years old at trial.  This portion of Maggie=s testimony
corroborates the fact that this particular incident occurred in or around
2005.  

Although Maggie and Billy partially recanted their
statements that they told appellant about the abuse, and there is some
conflicting evidence with respect to the time frames, we are not permitted to
resolve conflicts in the evidence; that is the exclusive role of the jury.  See
Margraves, 34 S.W.3d at 919.  Further, we must resolve any inconsistencies
in the testimony in favor of the verdict.  Curry, 30 S.W.3d at 406.  The
jury in this case was free to accept and believe one portion of Maggie=s and Billy=s testimony and
reject another part of the testimony, i.e., their recantations.  See
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1999) (reasoning
that the jury observed the witness=s demeanor and was
entitled to disbelieve her recantation).

Viewing the entire record in a
light most favorable to the verdict, a jury could have rationally determined
that appellant had cause to believe that Maggie=s physical or mental health had been adversely
affected by Richard=s abuse within the statute of
limitations period. We overrule appellant=s third issue.

 

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).  









[1]  To protect the privacy of the minors involved in
this case, we identity the children by fictitious names. 





[2]  At trial, Maggie testified about Richard=s prior abuse, but recanted her statement made to
police that she told her parents prior to November 2, 2006 about the sexual
abuse.  Appellant also denied that Maggie or Billy told her, prior to November
2, 2006, that Richard had sexually abused Maggie.





[3]  Section 261.101(a) provides that a person commits the offense of
failure to report child abuse or neglect when she has Acause to believe that a child=s physical or mental health or
welfare has been adversely affected by abuse or neglect@ and fails to Aimmediately make a report.@  See Tex. Fam. Code ' 261.101(a). 





[4]  In Rodriguez v. State, this Court was confronted with the
identical issue this case posits: whether section 261.101(a) is
unconstitutional on its face because the term Aimmediately@ is vague?  47 S.W.3d at 88-89.  Similar to the evidence in
this case, there was evidence that the defendants in Rodriguez had
reason to believe that the complaining witness was being abused or neglected,
but they never reported the abuse.  See id.  Because the defendants
failed to make a report, they could not demonstrate that the statute was unconstitutionally
as applied to them.  See id.