Affirmed and Opinion filed March 9, 2010. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00984-CR



 

Andrew Fares Kfouri, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1124774



 

OPINION

 

Appellant Andrew Fares Kfouri challenges the denial
of his motion to quash an indictment.  After the trial court denied appellant’s
motion, appellant pleaded “no contest” and the trial court assessed punishment
as confinement for five years.  We affirm.

Background

            Appellant was
indicted under Texas Transportation Code section 545.420 for the offense of
causing the death of a person by intentionally and knowingly participating in a
drag race on July 12, 2007.  The indictment alleges as follows:

.
. . Andrew Fares Kfouri hereafter styled the Defendant, heretofore on or
about June 18, 2007, did then and there unlawfully while operating a motor
vehicle on a highway, intentionally and knowingly participate in a drag race,
to-wit, the operation of two or more vehicles from a point side by side at
accelerating speeds in a competitive attempt to outdistance each other, and as
a result, caused the death of Daniel Reiter hereafter called the Complainant,
by operating his motor vehicle at an excessive speed and by failing to maintain
a single lane of traffic thereby striking the vehicle he was racing against
which caused the vehicle to strike a vehicle occupied by the Complainant.

 

Appellant filed a Motion to Quash Indictment on
October 2, 2008 alleging that section 545.420 is unconstitutionally vague.  The
trial court orally denied appellant’s motion in a hearing on October 8, 2008. 
Appellant subsequently pleaded “no contest” to the indictment and the trial
court assessed punishment as confinement for five years.  Appellant appeals the
trial court’s denial of his motion to quash.    

Analysis

We review the trial court’s denial of a motion to
quash de novo.  Lawrence v. State, 240 S.W.3d 912, 915 (Tex.
Crim. App. 2007); State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).
 A defendant must be given notice before trial of the “nature and cause” of the
accusation against him.  See U.S. Const.
amend. VI; Tex. Const. art. I,
§ 19.  The notice must be given with sufficient clarity and detail to
enable the defendant to anticipate the State’s evidence and prepare a proper
defense to it. See U.S. Const.
amend. VI; Tex. Const. art. I,
§ 19; Garcia v. State, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998)
(en banc). 

An indictment must allege all the facts and
circumstances necessary to establish all material elements of the offense
charged in plain and intelligible language.  Garcia, 981 S.W.2d at 685; Bynum
v. State, 767 S.W.2d 769, 779 (Tex. Crim. App. 1989) (en banc).  An indictment must allege on its face facts necessary to (1)
show that an offense was committed, (2) bar a subsequent prosecution for the
same offense, and (3) give defendant notice of precisely what offense he is
charged with committing.  Terry v. State, 471 S.W.2d 848, 852 (Tex. Crim.
App. 1971).  An indictment tracking the statutory language will satisfy
constitutional and statutory requirements; the State need not allege facts that
are merely evidentiary in nature.  State v. Mays, 967 S.W.2d 404, 406
(Tex. Crim. App. 1998) (en banc); Moreno v. State, 721 S.W.2d 295, 300
(Tex. Crim. App. 1986) (en banc).

            An individual commits
an offense if he “participate[s] in any manner in . . . a drag race or
acceleration contest[.]”  Tex. Transp. Code Ann. § 545.420(a)(3) (Vernon
Supp. 2009).  “Drag race” is defined as “the operation of . . . two or more
vehicles from a point side by side at accelerating speeds in a competitive
attempt to outdistance each other[.]”  Id. § 545.420(b)(1)(A).  If
a person suffers serious bodily injury or death as a result of an individual’s
participation in a drag race, the offense is a second degree felony.  Id.
§ 545.420(h).    

            Appellant
challenges the indictment on grounds that section 545.420 violates due process
of law under the United States Constitution and due course of law under the
Texas Constitution because it is unconstitutionally vague.  

A statute is void for vagueness if it (1) fails to
give a person of ordinary intelligence fair notice of the conduct prohibited,
or (2) is so indefinite that it encourages arbitrary and discriminatory
enforcement.  Kolender v. Lawson, 461 U.S. 352, 357 (1983); Clark v.
State, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984) (en banc).  All penal
laws must provide fair notice to a person of ordinary intelligence before
making their activity criminal.  State v. Fry, 867 S.W.2d 398, 401 (Tex.
App.—Houston [14th Dist.] 1993, no pet.).  A criminal statute need not be
mathematically precise; it need only give fair warning in light of common
understanding and practices.  Id.  A statute is unconstitutionally vague
only when no core of prohibited activity is defined.  Id.  A statute also must be sufficiently definite to avoid
the possibility of arbitrary and erratic arrests and convictions.  Id. 

In determining whether a statute is
unconstitutionally vague, we interpret the statute
in accordance with the plain meaning of its language unless the language is
ambiguous or the plain meaning leads to an absurd result.  Sanchez v. State,
995 S.W.2d 677, 683 (Tex. Crim. App. 1999).  “Words and phrases shall be read
in context and construed according to the rules of grammar and usage.”  Tex.
Gov’t Code Ann. § 311.011(a) (Vernon 2005); see Tex. Penal Code
Ann. § 1.05(b) (Vernon 2010) (making section 311.011 applicable to the Texas
Penal Code).  We presume that a statute is valid and that the legislature did
not act arbitrarily and unreasonably in enacting it.  Rodriguez v. State,
93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  If a statute can be construed in two
different ways, one of which sustains its validity, we apply the interpretation
that sustains its validity.  State v. Carmaco, 203 S.W.3d 596, 599 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  The burden rests upon the person who
challenges a statute to establish its unconstitutionality.  Rodriguez,
93 S.W.3d at 69.  We must uphold a statute if we can determine a reasonable
construction which will render it constitutional.  Ely v. State, 582
S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); Duncantell v. State,
230 S.W.3d 835, 843 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).  

When a vagueness challenge involves First Amendment
concerns, the statute may be held facially invalid even though it may not be
unconstitutional as applied to the appellant’s conduct.  Long v. State,
931 S.W.2d 285, 288 (Tex. Crim. App. 1996) (en banc); Coronado
v. State, 148 S.W.3d 607, 608 (Tex. App.—Houston [14th Dist.] 2004, no pet.).
 But when (as here) no First Amendment rights are involved, we need only
examine the statute to determine whether it is impermissibly vague as applied
to the appellant’s specific conduct.  Bynum, 767 S.W.2d at 773-74; Coronado,
148 S.W.3d at 608.  Appellant does not argue that this case involves First
Amendment concerns.  Accordingly, appellant bears the burden to establish that section
545.420 is unconstitutional as applied to him in this case.  See Bynum,
767 S.W.2d at 774; Coronado, 148 S.W.3d at 608.  It is not enough for
appellant to contend that section 545.420 might be unconstitutional as applied to
others.  See Bynum, 767 S.W.2d at 774; Coronado, 148 S.W.3d at 608. 
  

Appellant argues that section 545.420 does not
provide adequate notice of the prohibited conduct because it is unclear (1)
“which individuals are subject to prosecution under the statute;” (2) “whether
the application [of the statute] is restricted to motor vehicles or to any type
of vehicle;” and (3) “on which traffic areas it is intended to apply.” 
Appellant also argues that section 545.420 is unconstitutionally vague because
it is so indefinite that it gives law enforcement personnel unfettered
discretion to apply the statute.       

Appellant first argues that section 545.420 is
unclear because it could apply to “mere spectators.”  The indictment
specifically alleges that appellant was operating a motor vehicle while participating
in a drag race.  Section 545.420 clearly prohibits an individual from operating
a motor vehicle in a drag race.  Whether section 545.420(a)(1) extends to
someone who is a “mere spectator” has no bearing on the validity of the
indictment at issue.  See Bynum, 767 S.W.2d at 774; Coronado, 148
S.W.3d at 608. 

Appellant next argues that section 545.420 is unclear
because it could apply “to motor vehicles or to any type of vehicle.”  The
indictment alleges that appellant was “operating a motor vehicle.”  Section
545.420 applies to “vehicles.”  See Tex. Transp. Code Ann.
§ 545.420.  “Vehicle” is defined as “a device that can be used to
transport or draw persons or property on a highway.”  Id. § 541.201(23)
(Vernon Supp. 2009).  “Motor vehicle” is defined as “a self-propelled vehicle
or a vehicle that is propelled by electric power from overhead trolley wires.” 
Id. § 541.201(11).  A “motor vehicle” is clearly a vehicle under
the transportation code.  See id. § 541.201(11), (23).  Whether
section 545.420 applies to any other type of vehicle has no bearing on the
validity of the indictment at issue.  See Bynum, 767 S.W.2d at 774; Coronado,
148 S.W.3d at 608.     

Appellant also argues that section 545.420 is unclear
because it could apply to all “traffic areas” including sidewalks, alleys, and
shoulders.  The indictment alleges that appellant was drag racing on a
“highway.”  Section 545.420 is entitled “Racing on Highway.”  Tex. Transp. Code
Ann. § 545.420.  “Highway” is defined in the transportation code as “the
width between the boundary lines of a publically maintained way any part of
which is open to the public for vehicular travel.”  Id.
§ 541.302(5) (Vernon 1999).  “Highway” is further defined to consist of
the traffic areas defined as “roadways” and “shoulders.”  Id.
§ 541.302(11), (15).[1] 
Section 545.420 clearly applies to “highways.”  Whether section 545.420 applies
to any other traffic area has no bearing on the validity of the indictment at
issue.  See Bynum, 767 S.W.2d at 774; Coronado, 148 S.W.3d at
608.     

Lastly, appellant argues that section 545.420 does
not establish a standard for law enforcement personnel to employ when
determining whether two cars are in a “competitive attempt to outdistance each
other.”  Section 545.420 adequately details the prohibited conduct to the
extent that enforcement of the statute is not relegated to the subjective
interpretation of law enforcement personnel on the scene.  The language of
section 545.420 provides sufficient guidance to law enforcement personnel so that
it is not so indefinite that it encourages arbitrary and discriminatory
enforcement.  See Bynum, 767 S.W.2d at 775; Duncantell, 230
S.W.3d at 843.     

We conclude that section 545.420 is not
unconstitutionally vague as applied to appellant in this case.  We overrule
appellant’s sole issue.      

Conclusion

We affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

 









[1]           “Roadway” is defined as
“the portion of a highway, other than the berm or shoulder, that is improved,
designed, or ordinarily used for vehicular travel. If a highway includes at
least two separate roadways, the term applies to each roadway separately.” 
Tex. Transp. Code Ann. § 541.302(11).  

 

“Shoulder” is defined as “the portion of a highway that
is: (A)
adjacent to the roadway; (B)
designed or ordinarily used for parking; (C)
distinguished from the roadway by different design, construction, or marking;
and (D)
not intended for normal vehicular travel.”  Id. § 541.302(15).